Argued April 4; affirmed April 17; rehearing denied May 22, 1934.

# HILL *v.* MERRICK

(31 P. (2d) 663)

*Harley W. Allen,* of Portland (Sheppard & Phillips, of Portland, on the brief), for appellant.

*J. F. Fliegel,* of Medford (O. C. Boggs and O. H. Bengtson, both of Medford, on the brief), for respondent.

248

BEAN, J. It is contended by defendant that allegations of duty in terms and allegations of what could have been done are conclusions of law, are irrelevant, and should have been stricken on motion. It is stated in 49 C. J. 55, § 28, as follows:

"The general rule is that an allegation of duty in terms, unaccompanied by a statement of the facts showing the existence of the duty, is a mere conclusion of law, unless there is a relation set forth from which the law raises the duty; and the same rule applies to a general allegation of the performance of a duty, and of a violation of duty, although it has been held that, where the facts showing the existence of a duty are set out, a breach of such duty may be averred by way of conclusion."

Applying this rule to the case at bar, the facts in relation to the management of the pool are set forth.

We take it to be the law that although the proprietor of a swimming pool is not an insurer of the safety of patrons, he is required to use reasonable care in furnishing reasonably safe conditions, and if they are not reasonably safe for any reason, on failure to give notice of such condition and warn patrons, the proprietor is liable for any resulting injury: *Johnson v. Hot Springs Land & Imp. Co.,* 76 Or. 333 (148 P. 1137, L. R. A. 1915F, 689).

It is plainly alleged that by permitting children to play tag on the steps and platform of a high dive the place was rendered dangerous. It was the duty of defendant to use reasonable care in preventing a group of children from playing tag on the steps and platform of the high dive, and the facts being alleged, that the proprietor of the swimming pool in the management thereof permitted children to play upon the steps and platform of the high dive, which was about twelve feet above the water, it was not objectionable for the plaintiff to allege, in connection with the facts, that it was the duty of defendant, in the operation of the pool, to use reasonable care to prevent the invitee children from carelessly playing on the high dive, thereby rendering the same highly dangerous. The question is not of great importance. The allegation criticized did no harm.

The testimony tended to show that on June 25, 1931, plaintiff, Lois Hill, in company with three other young ladies, went to this pool for the purpose of swimming and using the amusement devices connected therewith. Plaintiff purchased a ticket therefor. After the young ladies had been swimming and diving for

a short time, plaintiff, Lois Hill, ascended the diving tower or high dive, located in the center of the end of the pool, where the water was the deepest. The high dive was constructed on the edge of the pool and was built of steel pipes. Wooden steps were attached firmly to this frame in order that its users could ascend to the top and also provide a platform from which to dive. When Lois Hill ascended the high dive at the time in question, there were from twenty to fifty other people in and around the pool, and seven or eight children were standing upon the various platforms of the high dive. She had ascended the tower and stood upon the top for a period of about three minutes; there were three or four boys on the platform of the high dive, and one of them either pushed against, bumped, or shoved her from the top platform. It appears that there was a man in charge of and looking after the swimming pool sitting about 35 feet from the high dive, but no one made any remonstrance or endeavored to prevent the children from playing tag on the steps and platform of the high dive. The evidence indicates that plaintiff was injured as alleged.

■■ The defendant assigns that the court erred in overruling defendant's demurrer to plaintiff's complaint; further, that the court erred in admitting any evidence in this cause over the objection and exception thereto by the defendant upon the ground that the complaint did not state a cause of action. These assignments raise substantially the same question and therefore may be considered together. The defendant urges that the complaint utterly fails to state any act of negligence on the part of the defendant. For the defendant to fail to use reasonable care in furnishing a reasonably safe condition of the pool and high dive by per-

mitting children to romp and play on the steps and platform of the high dive as alleged in the complaint, we think was negligence and not a compliance with the rule laid down in the Johnson case, supra. The defendant might as well have permitted the children to have strung wires around the platform of the high dive with which to trip the plaintiff. It was the duty of defendant to use reasonable care in superintending the pool so as to furnish a reasonably safe condition. The plaintiff assumed the natural risk of diving from the high dive into the water, but did not assume negligence on the part of defendant in permitting children to jostle or push her off the high dive.

■ It is also asserted that the injuries received were the result of the intervention of an independent and intervening cause for which defendant was in nowise responsible. It does not appear that the defendant used any care to prevent the children from playing upon the high dive. The general rule is stated in Wharton on Negligence, (2d Ed.) 110, § 134, cited by defendant, as follows:

"Supposing that if it had not been for the intervention of a responsible third party the defendant's negligence would have produced no damage to the plaintiff, is the defendant liable to plaintiff? This question must be answered in the negative, for the general reason that causal connection between the negligence and damage is broken by the interposition of independent responsible human action."

In the present case it does not appear, neither was the jury required to find, that the intervention was by a responsible third party but an irresponsible child, who, with other children, was permitted by defendant to use the pool for hire and play tag on the high dive, and the rule suggested by defendant, we think, is in-

applicable. The evidence indicated that the proximate cause of the accident was the negligence of defendant in permitting the children to play tag on the high dive and jostle or push plaintiff.

■ It is objected by defendant that the complaint in this cause contained two separate causes of action, one in favor of the minor for pain and suffering, and the other in favor of the parent for expenses. At the trial of the case a controversy arose as to whether the minor, who had become of the age of majority before the case was tried, or her father was responsible for the expenses of care, doctor's bill, etc., caused by her injuries. Thereupon counsel for plaintiff asked the court to eliminate the expenses of $277 from the case, and it was so arranged. The learned court, in instructing the jury, three different times called attention to the expenses and told the jury that they were withdrawn and eliminated from the case and to give them no consideration. Therefore the expenses were out of the case, so that feature of the case may be here "eliminated".

■ Defendant assigns that the court erred in denying defendant's motion for a nonsuit and that the court further erred in denying defendant's motion for a directed verdict. The court instructed the jury that the defendant was not an insurer and that the plaintiff assumed the risk inherent in the diving platform and the use thereof. The record clearly discloses sufficient for the jury to find that the defendant did not use the care that a reasonably prudent person would use under the circumstances in protecting patrons and that the defendant did not use any care whatsoever to protect her patrons at the time of the injury or during any time from ten to fifteen minutes prior to the in-

jury. See *Curtis v. Portland Baseball Club,* 130 Or. 93 (279 P. 277). The jury was warranted in finding that plaintiff was not guilty of any contributory negligence. The evidence is uncontradicted that the plaintiff at the time of the injury was a minor of the age of 16 years and she did not realize and did not appreciate the danger to which she was subjected by reason of the lack of supervision and the dangerous condition that the defendant was allowing to exist: 20 R. C. L. 110, 111; *Johnson v. Hot Springs Land & Imp. Co.,* supra. The plaintiff, Lois Hill, being a minor of the age of 16 years at the time of the injury, was required to use such care only as a reasonably prudent person of that age would ordinarily use under the same circumstances and conditions, and the degree of care in this case was entirely a question for the jury. The issue was very clearly submitted to the jury by the trial court. The verdict of the jury forecloses the defendant's contention in that regard.

It is a rule of law that under such circumstances the plaintiff must not only have knowledge of the danger existing but it must be shown by a preponderance of the evidence that the plaintiff realized and appreciated the danger. In support of this rule we quote from 20 R. C. L. 110:

"From proof that the plaintiff had knowledge, as of a physical fact, of the place or appliance by means of which he sustained the injury complained of, it does not necessarily follow that he must have appreciated the danger to which he was exposed therefrom. And it is an appreciation of or opportunity to appreciate the peril that bars him of recovery. Mere knowledge of the offending instrumentality does not constitute contributory negligence."

There was no evidence on the part of defendant that plaintiff realized and appreciated the danger in-

volved. At the most, it was a question for the jury under all of the circumstances of the case. As stated in 20 R. C. L. 111: "Indeed, it can only be in rare cases if ever that the question becomes one of law. In other words, it is for the jury to determine whether knowledge of the physical characteristics of the offending instrumentality constituted a sufficient warning of peril to the plaintiff."

Defendant assigns error of the court in refusing to give defendant's requested instructions Nos. 19, 20 and 21, and that the court also erred in instructing the jury, over defendant's objection and exception, that the only charge of negligence contained in the complaint and the only one upon which defendant could be held liable was the failure to preserve the proper degree of orderliness in the conduct of those who were using the equipment and diving platform at the time of the accident. As far as applicable, the instructions requested were covered by the court's instructions to the jury. We have carefully read all of the charge to the jury and believe that the issues were very plainly and properly submitted to the jury.

Finding no error in the record, the judgment of the circuit court is affirmed.

RAND, C. J., and CAMPBELL and BAILEY, JJ., concur.