169 So.2d 925 (1964)
Clyde BENOIT, Individually and as Administrator for his Minor Son, Myrle Benoit, Plaintiff and Appellant,
v.
The HARTFORD ACCIDENT & INDEMNITY COMPANY, Defendant and Appellee.
No. 1312.
Court of Appeal of Louisiana, Third Circuit.
December 1, 1964.
*926 Domengeaux & Wright, by D. Mark Bienvenu, Lafayette, for plaintiffs-appellants.
Edwards & Edwards, by William C. Broadhurst, Crowley, for defendant-appellee.
Before SAVOY, TATE and CULPEPPER, JJ.
CULPEPPER, Judge.
Plaintiff's minor son sustained personal injuries while a patron of a swimming pool operated by the City of Crowley. Defendant is the liability insurer for the City. From an adverse judgment on the merits plaintiff appealed.
The facts show that the pool is "Lshaped". The bottom of the "L" is a swimming area about 120 feet long. The top of the "L" is a smaller area roped off for diving only. There were three lifeguards, one for the diving area and one at each end of the swimming area.
This accident occurred at about 5:00 p. m. on July 20, 1962, at a time when the pool was not crowded. Three teenage boys, including Marvin Leger, were in the swimming area and decided to race. As they neared the side of the pool, plaintiff's 15 year old son dove from that side directly toward and into the path of the racers. As young Benoit came to the surface he was struck in the eye by either the hand or the foot of Marvin Leger, thereby suffering the injuries complained of.
The substantial issue is whether the lifeguards were negligent in failing to prevent the three boys from "racing".
The duty of care owed by the swimming pool proprietor is well stated in 52 Am.Jur. 291-292, Verbo Theaters, Shows, Exhibitions, Etc., Section 47, as follows:
"It is the general rule, of almost universal acceptance, that an owner or proprietor of a theater, or public amusement is bound to exercise a degree of ordinary and reasonable care for the safety and protection of his patrons the degree of care that would be exercised by an ordinarily careful and prudent man in the same position and circumstances. Generally speaking, this obligation is met when the owner or proprietor makes the premises and instrumentalities as little dangerous as reasonable care can make them, having regard to the methods and contrivances necessarily used in conducting such a place, and, it has been said, to the activities and conduct of invitees using such place and instrumentalities in the manner which they are ordinarily used for the purposes for which they are designed and intended.
* * * * * *
"It is clear that the owner or proprietor of a theater or public amusement is not an insurer of the safety of his patrons; ..."
It is clear that the above stated general rule applies in situations where the injury is caused by the acts of other patrons. We agree with the following statement of law found in the annotation in 48 A.L.R.2d 165, Section 31:
"The fact that the direct cause of the patron's injury was boisterous conduct by other patrons or other third persons has been held not to insulate the proprietor from liability, where it was his duty, under the circumstances, to protect the patron against injury from such an agency."
In the case of Rome v. London and Lancashire Indemnity Company of America, *927 169 So. 132 (Orleans Appeal 1936) a 12 year old boy drowned in a municipal swimming pool from some unknown cause. The court applied the doctrine of res ipsa loquitur stating the general rule that the proprietor had the duty "to exercise due diligence and care to see that none of the patrons of the pool are injured through his fault." Under the circumstances shown the court held that if the lifeguards had been attending to their tasks they should have discovered the peril in time to rescue the life. There was evidence to show that the lifeguards were not paying attention to their duties.
In the present case the lifeguards had been given general instructions for the safety of the pool's patrons, one of which was that there would be "no horseplaying in the pool", particularly horseplay which would be dangerous to the "little ones". The pool was usually cleared for races but, from the evidence, we understand this rule applied only to planned and supervised races of a formal type. It did not apply to a situation like this where two or three boys were in swimming and decided to "strike across there" in a race to the other side.
The lifeguards who were on duty testified they didn't see the accident and didn't even know of its occurrence until later. However, when asked whether, under the above described circumstances, they would have stopped the three boys from "racing" across the pool if they had seen them, they testified that they considered this nothing more than "swimming along in a group" and did not think it was unduly hazardous.
We think this was reasonable. Since the pool was not crowded and there were no "little ones" or other swimmers in the path of the racers we do not think this constituted a reasonably foreseeable hazard under the circumstances. The three boys were swimming in the swimming area. Although they were "racing", they were actually doing nothing more than any group might do when they swim along together. To say that such activity should not be allowed in a swimming pool would be equivalent to saying that under no circumstances could patrons swim to the other side or swim in a group. This would be an undue restriction to the ordinary use of a swimming pool.
This was not boisterous conduct or horseplay as was the case in several decisions cited by plaintiff from the annotation found in 48 A.L.R.2d 165. For instance, in Hill v. Merrick, 147 Or. 244, 31 P.2d 663, a girl standing on a high diving platform was shoved off by a group of boys engaged in horseplay. In Boardman v. Ottinger, 161 Or. 202, 88 P.2d 967, a patron was hit by a ball being used by four young men in a game of catch. In both of these cases it is obvious that the conduct was boisterous and of a type not usual or customary in a swimming pool. It was reasonably foreseeable that injury to other patrons might result.
Having found the proprietor was not negligent, it is unnecessary for us to consider the special defenses of assumption of the risk and contributory negligence.
For the reasons assigned, the judgment appealed is affirmed.
Affirmed.