REGAN, Judge.
The plaintiff, Gerald M. Frances, filed this suit individually and on behalf of his minor daughter, Patricia Ann, against the defendant, Insurance Company of North America, the liability insurer of Ray’s Rollerama, endeavoring to recover the sum of $25,049.00,[1] representing monetary damages which he asserts were incurred by his daughter as the result of the negligence of the defendant’s insured in failing to employ sufficient personnel to supervise the activities of the patrons of their skating establishment.
The defendant answered and denied the foregoing accusation of negligence.
From a judgment in favor of the defendant dismissing the plaintiff’s suit, he has prosecuted this appeal.
The record reveals that on July 29, 1963, the plaintiff’s minor daughter was roller skating in the defendant’s establishment when a young boy collided with her causing them both to fall to the floor.
The next morning, she sought medical attention, and it was eventually ascertained that she sustained a broken arm, which required that it be encased in a plaster cast for approximately five weeks.
The only testimony adduced in behalf of the plaintiff was that of Patricia Ann and her mother. Since her mother was not present when her daughter incurred the injury, the only evidence offered relative to the occurrence thereof emanated from Patricia Ann.[2] She testified that she had been skating seven or eight years prior to the accident and that she had visited the establishment of the defendant’s insured approximately ten times. She further asserted that on the night in question approximately one hundred people were in attendance at the roller rink and that only one attendant was present to supervise the skaters. She expressed the opinion that there were usually three or four adults present to supervise the patrons.
On cross-examination, Patricia Ann stated that she did not remember seeing the boy, prior to the accident, whom she insists skated into her and caused her injury, nor did she remember observing any other skaters at the Rollerama who were moving in an unusual manner that evening.
Mrs. Raymond Durr, one of the owners of the Rollerama, testified that she was present on the night of the alleged accident and that she did not observe any collisions between the skaters nor did she receive a complaint from anyone that evening.
In addition thereto, the defendant offered the testimony of William Hebert, the floor manager of Ray’s Rollerama. He related that he was present and that it was his duty to supervise the skaters and prevent them from moving too fast. He testified that he was the only supervisor on the floor and estimated that there were only *418 forty or fifty skaters using- the rink. He denied, however, that the number of patrons could have been one hundred, as was estimated by Patricia Ann. He explained that on weekends the rink enjoyed the patronage of from two hundred to three hundred people and that on these occasions three or four supervisors were in attendance. However, since July 29th was a Monday and not usually a busy night, only one supervisor was in attendance.
Raymond Durr testified from his records that the total number of admissions to the Rollerama during the entire evening of July 29th was approximately sixty-five. It was upon this figure that he predicated his estimate of forty to fifty skaters on the floor at the time Patricia Ann asserts she was injured.
The trial judge obviously concluded from the foregoing evidence that approximately forty or fifty patrons were engaged in skating when the alleged accident occurred.
The plaintiff concedes that while operators of places of amusement are required to exercise reasonable precautions to prevent injuries to their patrons, they are not the insurers thereof.[3] However, plaintiff predicates his entire argument on appeal upon the proposition that the defendant’s insured failed to provide its patrons a reasonably safe place in which to skate since it omitted to provide a sufficient number of attendants, and because the evidence establishes that the attendant who was present on the night of the alleged accident was not a qualified and alert supervisor since he was merely a construction worker by trade.
Therefore, the only question posed for this court’s consideration is whether the defendant’s insured was negligent in the operation of its roller rink by virtue of the fact that only one attendant, a construction worker by trade, was in attendance to supervise the activities of forty or fifty skaters.
We are convinced that the record reveals no negligence on the part of the defendant’s insured. While it is true that the supervisor was a construction worker, there was no evidence adduced herein to indicate that as a result thereof he was incapable of supervising the patrons of the establishment.
Moreover, the fact that only one supervisor was provided to oversee the activities of forty or fifty skaters does not of itself establish negligence on behalf of the defendant’s insured. A similar contention was adequately answered in a recent case which emanated from the First Circuit.[4] There the organ for the court, in an analogous situation involving a child using a school playground who was struck by another child riding a bicycle, rationalized as follows:
“From the evidence before us we are unable to say that the school was negligent in providing only one supervisor for the overseeing of thirty to forty children. Plaintiff contends that an additional supervisor should have been with the children. The complaint is based on the failure to observe young Donald riding his bicycle. We find no validity or merit in this argument because necessarily the supervisor could not at one and the same time observe all actions of all children in all directions. Neither could such observations have been provided short of a supervisor for each child at large on the playground. We find no basis for finding a causal relationship between the lack of additional playground supervisors and the occurrence of the accident involved herein. Nor under the evidence presented herein is there a basis for holding that the supervisor was negligent merely by reason of the occurrence of the accident. Negligence, in this type case does not attach by inference.”
*419 In effect, the plaintiff has simply asserted that there was negligence in the air on the night of the accident and therefore liability should be imposed upon the defendant, which, of course, is untenable.
In view of what we have said herein-above, we are compelled to reach the inevitable conclusion that the plaintiff has failed to prove any negligence on the part of the defendant’s insured, and therefore, the judgment of the lower court is correct.
For the foregoing reasons, the judgment of the lower court is affirmed.
The plaintiff is to pay all costs incurred herein.
Affirmed.

. The plaintiff sought §49.00 for himself as reimbursement of medical expenses incurred by him on behalf of his daughter and §25,000.00 for pain and suffering and mental anguish sustained by Patricia Ann.

. In the course of oral argument before this court, plaintiff's counsel asserted that the record contained a stipulation to the effect that two of Patricia’s friends, if they were present at the trial hereof, would substantiate her testimony. We have been unable to find such a stipulation, however, even if it were in the record, it would not change the result reached heroin.

. McKelvy v. Capitol Amusement Co., La. App., 159 So. 143 (1935).

. See Selleck v. Insurance Company of North America, La.App., 182 So.2d 547 (1906).