430 So.2d 1035 (1983)
Elaine HILLS
v.
SKATE COUNTRY EAST, INC., Pacific Indemnity Company, Federal Insurance Company, the Chubb Group of Insurance Companies, and the Empire Fire and Marine Insurance Companies.
No. CA 0080.
Court of Appeal of Louisiana, Fourth Circuit.
March 4, 1983.
Rehearing Denied May 24, 1983.
*1037 Donald M. Pierce, Harry E. Forst, Gertler & Gertler, New Orleans, for plaintiff-appellee.
Leonard A. Young, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, for defendants-appellants Skate Country East, Inc. and Empire Fire & Marine Ins.
Before REDMANN, C.J., and SCHOTT, AUGUSTINE, CIACCIO and WILLIAMS, JJ.
SCHOTT, Judge.
This is an appeal by defendants, Skate Country East, Inc., the operator of a rollerskating rink, and its liability insurer, from a judgment, pursuant to a jury verdict, in favor of plaintiff for injuries she sustained in a fall while she was skating. The issue is whether the record supports the jury's determination on special interrogatories that Skate Country was negligent and that plaintiff did not assume the risk of her injury.
At the time of the accident plaintiff and her husband were participating in a "couples only" event in which single skaters were excluded and couples skated hand in hand or with arms around waists while slow music was played and the lights were dimmed. While plaintiff and her husband were skating in this fashion an unidentified couple "dashed" onto the floor from a carpeted area leading to the snack bar and bumped plaintiff, causing her to fall.
There was a "floor guard" on duty at the time and there is no evidence that the offending couple were misbehaving just prior to the incident (although a witness testified that she had seen this couple "clowning around" on the skating floor "knocking people down" a half hour before the accident) so as to impose a special duty on the floor guard, as in Phillips v. Skate Country East, 420 So.2d 730 (La.App. 4th Cir.1982).
However, plaintiff testified that the nature of the "couples only" event entitled her to concentrate on her dancing in rhythm and in unison with her partner and with less concern for the danger of being bumped by another skater than during an ordinary free skating event. Furthermore, she testified, as did her husband and her friend, that she did not expect to encounter skaters entering the floor while the "couples only" event was in progress because the practice was to start up the music for this event after a series of announcements that it would be for couples only and after everyone wishing to participate would be already on the floor before the event began. Plaintiff and her husband had skated at defendant's facility on a number of occasions prior to the incident. Thus, she contends 1) that Skate Country breached a duty to take some measure, such as posting guards at the entrances to the rink, to prevent skaters from dashing onto or entering the floor otherwise, and 2) that she did not assume the risk of this couple entering the rink under the circumstances.
Defendants produced as witnesses the floor guard and the manager who testified that the usual practice was for couples to enter the rink while the event was in progress. They explained that even after the music started some patrons would still be in the process of finding partners and were free to enter the floor at any time.
Thus, there was a direct conflict between the testimony of plaintiff's and defendants' witnesses on this point of whether they should have expected to encounter couples entering the flow of skaters on the floor after the event started and the jury apparently resolved the conflict in plaintiff's favor. For our purpose on appeal we accept this resolution even though defendants' version seems more reasonable.
The operator of an amusement facility is not an insurer of the safety of the patrons but is liable for injuries received by them only if guilty of negligence. One who participates in a sport assumes the ordinary risks attendant upon such participation. Phillips v. Skate Country East, supra; Hyland v. Durr, 212 So.2d 158 (La.App. 4th Cir.1968). Some bumping or jostling is an ordinary risk of participation in roller skating. Katz v. Insurance Company of North America, 150 So.2d 879 (La.App. 4th Cir. 1963), writs refused, 152 So.2d 565.
*1038 Defendants contend that the jury was not properly instructed and reasons that this failure induced the erroneous result. Citing the Hyland and Katz cases they requested the following special instructions pursuant to LSA C.C.P. Art. 1793:
"One who participates in a sport assumes the ordinary risks attendant upon such participation, and plaintiff, as a skater in defendant's rink, assumed the ordinary risk of losing her balance while wearing roller skates...."
"Plaintiff, while wearing roller skates in the defendant's premises should have anticipated that through her own actions, and/or the actions of other customers, that there was a continuous danger of her losing her balance and falling...."
"Jostling or bumping of patrons at a roller skating rink is an ordinary risk of participation in the sport, and plaintiff could or should have reasonably anticipated that such could have occurred while she was on skates in the defendant's premises."
The trial court included the following in his charge to the jury:
"The doctrine of assumption of risk applies where a plaintiff knows and understands the risk involved in an activity and where a plaintiff's choice to incur such risks is entirely free and voluntary. By the defense of assumption of risk, the defendant alleges that even though it may have been guilty of some negligent act or omission which was the proximate cause of plaintiff's injury or damage the plaintiff knowingly and voluntarily assumed or encountered risk which caused the harm. Now, the burden is on the defendants alleging the defense of assumption of risk to establish by a preponderance of the evidence that the plaintiff understood and appreciated the risk involved and freely and voluntarily accepted the risk as well as the inherent possibility of danger because of the risk. If you conclude the plaintiff did .... assume the risk of the harm, you must render a verdict for the defendant. If you find from the evidence that the plaintiff did not .... assume the risk, and that the injury or damage was caused by the negligence of the defendant and this negligence was the proximate cause of the injury or damage, you must then render a verdict for the plaintiff."
* * * * * *
"I charge you that an establishment owes its guests a duty of reasonable and ordinary care, which includes prior discovery of reasonably discoverable conditions that may be unreasonably dangerous and correction thereof or a warning of the danger. While operators of places of amusement are required to exercise reasonable precautions to prevent injuries to their patrons, they are not the insurers thereof. The jostling on a skating rink floor is an ordinary risk of participation in the sport."
In Phillips v. Skate Country East, supra, we concluded that a jury instruction was insufficient and produced reversible error where it failed to include the Hyland language that one who participates in a sport assumes ordinary risks attendant upon such participation. While the charge in the instant case may not specifically contain the emphasized language it does refer to the risk involved in an activity and it specifically referred to "jostling" as such an assumed risk in roller skating. We are satisfied that the charge, while not perfect, was not so erroneous as to constitute reversible error as in the Phillips case, and that it was not reversible error for the court to decline to give verbatim the instructions requested by defendants since their content was substantially included in the charge as given.
Having reached this conclusion we are not in the position we were in the Phillips case to ignore, as it were, the findings of the jury and substitute our own without regard to the manifest error rule as explained in Canter v. Koehring, 283 So.2d 716 (La.1973), and Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The questions become what were the findings of the jury, whether their ultimate conclusions were factual and therefore shielded to some extent *1039 from interference by this court under the manifest error rule, or whether their ultimate conclusions were wrong as a matter of law.
The jury apparently concluded that plaintiff while assuming the risk that a skater on the floor might bump and cause her to fall did not assume the risk of being bumped by a skater entering the floor. Thus, the jury necessarily concluded that there was some difference in the degree or type of care plaintiff had to be taking to avoid the former risk as opposed to the latter. Furthermore, plaintiff in her testimony made much over the difference between free skating and couples only skating, stating that the risk of being bumped in the former was much greater than the latter. Apparently the jury accepted this distinction also. Finally, for the jury to extend liability to the operator of the facility it had to conclude that the operator breached some duty to guard plaintiff against this unassumed risk.
We have concluded that these jury conclusions while factually supported by the record cannot withstand scrutiny from the standpoint of the law. In the first place, plaintiff established that the unidentified couple dashed onto the floor thereby preventing the conclusion that she was contributorily negligent by failing to anticipate their entrance on the floor as reasonable diligence would have required. The design of the skating rink was such that a three foot high wall separated the rink from the snack bar area. The entrances were simply breaks in the wall providing for easy passage between the areas, and skaters were free to exit from the rink through the breaks in the wall at any time, even during a couples only event. Since plaintiff established that announcements were made prohibiting skaters from entering the rink after the music started, it follows that the unidentified couple violated this rule and did so quite suddenly by dashing onto the rink. Plaintiff argues that defendant's duty was to have one or more guards on duty to prevent such an occurrence. But no matter how many guards were there they could not necessarily prevent the precipitous conduct of the unidentified couple here. In other words, there was no causal relationship between the lack of additional guards and the improper conduct of the offending couple. Frances v. Insurance Company of North America, 186 So.2d 416 (La.App. 4th Cir.1966). In this court, plaintiff also contends that defendant breached a duty to have signs posted or announcements which would prohibit skaters from entering the rink after a couples only event began. But, here again, there was no causal relationship between the lack of such notices and the conduct of the unidentified couple which caused plaintiff's accident.
Second, in Dorry v. La Fleur, 399 So.2d 559 (La.1981), the court rejected the notion that the doctrine of assumption of risk applies to those which plaintiff should know about and limited its application to those risks of which plaintiff had actual knowledge. The court went on to say, however:
"This is not to say that the plaintiff's disclaimer of knowledge or appreciation must be taken at face value. This is a fact question. And there are some risks that every man must be held to appreciate (see Restatement, supra, comment D). There is a plain difference, however, between what one must have known (a finding of actual knowledge) and what one should have known (the imposition of an objective standard of care)."
Plaintiff admitted that she was aware of the danger of being bumped but stoutly maintained she didn't expect to be bumped by an incoming skater during this type of event. Yet she could see over the three foot high wall, she had to see people milling around in the snack bar area, and she had to know that skaters could leave the floor at any time. Thus, she had to be aware of the breaks in the wall and must have known that someone could and might come through the breaks onto the floor and bump her just as another skater already on the floor might bump her.
It seems clear that plaintiff would not be entitled to recover as a matter of law had she been bumped and knocked *1040 down by another skater on the floor or even by someone entering the rink during a free skating event. But because this happened during a couples only event and since the offender was entering the rink at that time the jury found some hair line distinction in the degree of care imposed on plaintiff. We disagree. She had to be on guard against being bumped. She assumed that risk. This was so no matter what kind of event was in progress. We fail to discern any difference between the risk of being bumped from behind or from the side, or between the risk of being bumped on the floor and the same risk at the entrance to the rink.
In reargument of this case plaintiff made much of the testimony of her friend Ada Bercey concerning the unidentified couple who caused the accident. Barcey testified: Before the accident she had seen this couple in the snack bar "clowning around" and talking about how good they were as skaters. When it was time for everybody to skate "they knocked a couple people down twice ... They were clowning around. They was knocking people down and I was skating behind them. They almost knocked me down, but I was behind them. You know how you skate backwards; they wasn't watching what they was doing."
For our purposes we assume that the jury believed Bercey's testimony and may have concluded that the cause of the accident was defendant's failure to observe the rowdiness of the couple and to take some action against them which would ultimately have prevented the accident.
At first blush these facts seem to support a verdict in plaintiff's favor as in the Phillips case, supra. There we found that the two boys who collided in front of Alemitta Phillips causing her to trip over them had been skating very fast and weaving in and out of traffic immediately prior to the accident. There was testimony that they had skated past plaintiff four or five times previously and one witness testified that she had observed people skating for thirty or thirty-five minutes before the accident "and kids were being wild, going in and out, passing one another, trying to race one another on the floor." It was precisely this type of conduct, unchecked by the operator and continuing for an extended period of time right up to the occurrence of the accident, which caused it.
The Phillips case did not announce any startling new legal principle. It simply recognized that a patron of a skating rink assumes the ordinary risks attendant upon skating but that the risk of being injured because of the wildness and rowdiness of other skaters which should have been observed and stopped by the operator is not such an assumed ordinary risk of skating.
In the present case the wildness and rowdiness of the unidentified couple was not connected in time or place with the accident. It had occurred on the floor thirty minutes before the accident and they were off the floor in the snack bar area just prior to the accident. There is no evidence that they were engaged in any conduct immediately prior to the accident which placed a duty on the operator to take action against them. There is evidence that they dashed onto the floor striking plaintiff but this sudden and precipitous conduct is the antithesis of the ongoing, observable misconduct which supports liability to a patron who is bumped and falls.
The last question to be considered is whether Bercey's testimony furnished the jury with a basis to conclude that the operator breached a duty to plaintiff of expelling the unidentified couple from the premises for their rowdiness. Had this been done the accident would not have occurred because the couple who caused the accident would have been gone for half an hour. We cannot conclude from Bercey's brief description of the couple's conduct that the ultimate penaltyexpulsion from the premiseswas warranted and that the operator's failure to impose this penalty constituted a breach of duty.
It is arguable that the operator should have imposed some lesser penalty such as an admonition or a temporary removal from the rink, and that such a lesser *1041 penalty would have deterred the couple from their subsequent conduct of dashing onto the floor and striking plaintiff. First, this presupposes that no such action was taken. While Bercey testified that she didn't see the guard speak to the couple she didn't pretend to have kept them under scrutiny beyond some point half an hour before the accident and the floor guard wasn't asked about it. His testimony was such, however, that it was commonplace to warn skaters who became wild or rowdy providing a logical inference that this couple was warned or perhaps even removed but that this failed to deter them from dashing on the floor half an hour later.
Finally, it is sheer speculation to say that an admonition or temporary removal half an hour earlier would have deterred the couple from dashing and bumping plaintiff. The ease of association between the breach of duty and risk encountered is not supported by the evidence.
Accordingly, the judgment appealed from is reversed and set aside and there is judgment in favor of defendants, Skate Country East, Inc. and Empire Fire and Marine Insurance Company, and against plaintiff, Elaine Hills, dismissing her suit at her cost.
REVERSED AND RENDERED.
WILLIAMS, J., dissents.
WILLIAMS, Judge, dissenting.
Although I have reservations about the correctness of the decision in Phillips v. Skate Country East, Inc., 420 So.2d 730 (La.App. 4th Cir.1982), it nevertheless is controlling in this Circuit.
Obviously the jury found that defendant breached its duty to plaintiff. Based on the facts in Phillips, supra and the facts of this case, it was not manifest error for the jury to do so.
Furthermore, this court's inconsistent decisions can only lead to confusion for litigants and fail to provide adequate judicial guidance in the future. Because I am of the opinion that the distinctions drawn by the majority are so strained that they are without substance, I respectfully dissent.