501 So.2d 1003 (1987)
Joanne L. HEARD, Plaintiff-Appellant,
v.
BONNIE AND CLYDE'S OF HATTIESBURG, INC., d/b/a Chevy's Diner and Bar, Defendant-Appellee.
No. 18341-CA.
Court of Appeal of Louisiana, Second Circuit.
January 21, 1987.
Writ Denied March 20, 1987.
*1004 Sam N. Gregorio and Jim D. McDougle, Shreveport, for plaintiff-appellant.
Mayer, Smith & Roberts by Kim Purdy, Shreveport, for defendant-appellee.
Before MARVIN, NORRIS and LINDSAY, JJ.
LINDSAY, Judge.
The plaintiff, Joanne L. Heard, appeals the trial court judgment dismissing her claim for personal injuries against the defendant, Bonnie & Clyde's of Hattiesburg, Inc., d/b/a Chevy's Diner & Bar. We affirm the trial court judgment.

FACTS
The defendant operates Chevy's Diner & Bar located in Bossier City, Louisiana. This establishment, in addition to serving food and alcoholic beverages, has a dance floor and plays 1950's and 1960's era music. Patrons frequent the establishment not only to eat and drink, but also to dance.
On the evening of September 22, 1984 the plaintiff went to the establishment and in the course of the evening began talking with Ron Bryan. The two were previously unacquainted. After a brief conversation, Bryan invited the plaintiff to dance. The record indicates the dance floor was not crowded and it was being utilized by approximately ten couples. The plaintiff and Bryan danced to a "medium fast" song without incident. Immediately following this song, the disc jockey played a faster song which lasted approximately two to three minutes.
As the faster song began, one couple on the dance floor began to perform a fast "jitterbug," taking up approximately one-half of the dance floor. The record indicates *1005 the male was pushing the female out and away from him, twirling her around, and then pulling her back. Plaintiff and Bryan testified that upon observing this couple, they moved away and felt they were a safe distance from the couple to avoid contact. Plaintiff's back was toward the fast dancing couple and Bryan was facing the couple. Both plaintiff and Bryan testified that they were not apprehensive about bumping into this couple.
Toward the end of the song, the male member of this fast dancing couple swung the female down between his legs in a "dip" maneuver. The female's feet came in contact with the plaintiff, knocking the plaintiff's feet from under her and she fell to the floor.
The plaintiff sustained a fractured left wrist which was placed in a cast to the shoulder. However, the fracture failed to heal properly and an external fixator was applied to the arm. This is a device in which four screws are placed into the bones of the hand and wrist and extend to the outside of the arm where they are held together by rods and screws. The device provides a form of traction on the bone to hold it in proper alignment for healing.
Plaintiff had previously had a mastectomy on the left side and was prone to fibrocystic breast disease on the right side. The plaintiff underwent surgery for the removal of a benign mass in the right breast in October of 1984, approximately one month following this incident. Plaintiff claimed that the stress caused by her injury caused abnormal hormone production leading to the formation of the mass in her right breast.
The record does not reveal the names of the fast dancing couple and it appears that no action was ever filed against either of the dancers. However, plaintiff filed suit against the defendant, as owner and operator of the establishment in which the accident occurred, for personal injuries alleging that the defendant was negligent in failing to supervise the dance floor and in failing to post instructions prohibiting negligent dancing.
Plaintiff also alleged that defendant was negligent in allowing an excessive number of people into the establishment and was negligent in permitting negligent dancing.
The trial court found that defendant was not negligent. In excellent written reasons for its opinion, the trial court found that the defendant did not breach any duty to the plaintiff and that the plaintiff assumed the risk of being bumped, jostled or injured after she observed the fast dancing couple and did not leave the dance floor.
The trial court reasoned that the fast dancing couple's movements preceding the "dip" gave no indication that the maneuver was about to occur. The court felt that this was a sudden and precipitous event and that even if the defendant had a floor guard on duty to prohibit negligent dancing, there was no reason to anticipate that this maneuver was about to occur. The court stated that no one complained about the couple, no one left the dance floor, and that plaintiff and Bryan moved away from the couple to what they perceived to be a safe distance.
The plaintiff appealed the trial court judgment which dismissed her claims against the defendant. Plaintiff contends the trial court erred in finding defendant free from negligence and in finding that plaintiff assumed the risk.

NEGLIGENCE
Plaintiff essentially contends the defendant was negligent in failing to stop the fast dancing couple from behaving in such a manner as to cause injury to the plaintiff. It is well settled that the operator of a public establishment, such as that operated by the defendant, is not the insurer of the safety of its patrons, but is liable for injury sustained by them only if guilty of negligence. Hills v. Skate County, East, Inc., 430 So.2d 1035 (La.App. 4th Cir.1983), writ denied 438 So.2d 568 (La.1983); Crochet v. Hospital Service District No. 1 of Terrebonne Parish, 476 So.2d 516 (La.App. 1st Cir.1985), writ denied 478 So.2d 1235 (La. 1985).
*1006 The plaintiff in this case alleges that the defendant had a duty to station floor guards on the dance floor to prohibit negligent dancing. Plaintiff alleges the failure of the defendant to station such guards on the dance floor and defendant's failure to stop the couple from their fast dancing was the cause of her injury. The trial court made a factual determination that the absence of a floor guard did not cause the damage to the plaintiff. The court found that the fast dancing couple had been performing their fast dance for only two to three minutes and there was nothing in their conduct during that time indicating the "dip" maneuver would occur. Although plaintiff and her partner testified that the couple were dancing in a dangerous manner, the record indicates that the couple were performing "jitterbug" dance steps, rather than behaving in a disorderly manner. Plaintiff and her partner observed the fast dancing couple and moved away, but they did not perceive the risk of harm to be such as to necessitate their leaving the dance floor. Therefore, the trial court correctly concluded that even if the defendant had stationed a floor guard near the dance floor, he could not have prevented this harm. The couple were engaged in their fast dance for only a matter of minutes, giving the defendant little time to act to prohibit their activities. Also, the sudden and precipitous nature of the "dip" maneuver was unforeseen and could not have been prevented by a floor guard, even if one had been present.
An analogous situation is found in Benoit v. Hartford Accident and Indemnity Co., 169 So.2d 925 (La.App. 3rd Cir.1964). In that case, the plaintiff dove into a swimming pool and into the path of three youths who were participating in a swimming race. Plaintiff was injured and sued the operator of the pool, claiming the pool's lifeguards were negligent in failing to prevent the race. The court found that since the pool was not crowded and there were no small children or other swimmers in the path of the racers, this was not a reasonably foreseeable hazard under the circumstances. The court went on to reason that even though the boys were racing, they were not doing anything more than any group might do when swimming along together. The court concluded the racers were not engaged in boisterous conduct or horseplay and therefore the pool operator was not negligent in failing to stop the race.
In the present case, even though the other couple who caused this injury were performing a fast dance, they were not engaged in boisterous conduct or doing anything more than any other couple might do while dancing to fast music. This was the type of activity that could reasonably be expected to occur at an establishment such as the defendant's and the defendant was not negligent in failing to stop the couple.
The determination of whether a particular action is the cause-in-fact of a particular harm is a factual question. Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364 (La.1984). The trial court's factual determination that the defendant's act or failure to act did not cause this plaintiff's injury was not incorrect. Absent a showing that the trial court's factual determination was clearly wrong, we must affirm that finding. Canter v. Koehring, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978) on remand 370 So.2d 1262 (La.App. 3rd Cir. 1979), writ denied 374 So.2d 660 (La.1979).
As stated earlier, the defendant, as the operator of this establishment, is not the insurer of its patrons and it is liable only when the patrons are harmed through its negligence. Situations may arise in which operators of places of entertainment may be found at fault and liable for damages to their patrons. For example, the proprietor of a dance establishment has a duty to see that his dance floor is free of defects and foreign substances which might cause a patron to slip and fall. In this case, if plaintiff had fallen due to some defect in the floor, the owner or operator of the establishment might be liable. Rosenweig v. Travelers Insurance Company, 333 So.2d 334 (La.App. 4th Cir.1976); *1007 Champagne v. Harahan Lions Club, Inc., 243 So.2d 292 (La.App. 4th Cir.1971) Also, if the plaintiff had been injured by the fast dancing couple after a long period of rowdy behavior, defendant might still be liable to the plaintiff. Phillips v. Skate Country East, Inc., 420 So.2d 730 (La.App. 4th Cir. 1982), writ denied 423 So.2d 1162 (La.1982); Dobard v. Skate Country, Inc., 451 So.2d 1231 (La.App. 4th Cir.1984). However, none of these factual situations are present in this case.
The plaintiff relies on the cases of Phillips v. Skate Country East, Inc., supra, and Dobard v. Skate Country, Inc., supra. In each of those cases the accidents in question occurred after a long period of rowdy and improper behavior by other patrons. There was a pattern of ongoing, improper conduct which required the management to act for the protection of other patrons. The skating rinks in those cases had floor guards and the court found that the guards were required to stop unruly behavior, there was time to observe the behavior and in failing to stop that behavior, the defendant breached its duty to the plaintiff.
In Hills v. Skate Country East, Inc., supra, the defendant was not liable for plaintiffs injuries caused by a fall when two skaters dashed onto the rink floor in front of the plaintiff. In Hills, the court found that the sudden and precipitious conduct of the offending skaters by dashing onto the skating floor was not the kind of conduct that would result in the defendant's liability, but rather was the antithesis of ongoing and observable misconduct which supports liability to a patron who is bumped and falls.
In the present case, the trial court found the behavior of the fast dancing couple to be analagous to the fact situation in Hills, rather than the situations presented by Phillips or Dobard. The court found the "dip" maneuver performed by the offending couple to be a sudden and precipitous event that could not have been foreseen or prevented by the defendant. We agree. As stated above, although the offending dancers were dancing in a fast manner, it does not appear that their conduct constituted the type of wild and rowdy behavior found in Dobard and Phillips where injury to other patrons was foreseeable, thereby imposing on the defendant a duty to prohibit such conduct.
Accordingly, we find no breach of any duty by the defendant and no damage to plaintiff caused by defendant's actions.

ASSUMPTION OF THE RISK
A participant in a sport assumes the ordinary risk attendant upon such participation. Phillips v. Skate Country East, Inc., supra; Hills v. Skate Country, supra. The jurisprudence holds that a participant in roller skating carries the ordinary risk of being bumped and jostled and even losing balance. Phillips v. Skate Country, supra, Hills v. Skate Country, supra. The jurisprudence also holds that participation in activities such as Halloween haunted houses assumes the ordinary risk of being bumped and jostled. Reech v. Optimist Club of Downtown Baton Rouge, Louisiana, Inc., 408 So.2d 399 (La. App. 1st Cir.1981), writ denied 412 So.2d 85 (La.1982); Bonanno v. Continental Casualty Company, 285 So.2d 591 (La.App. 4th Cir.1973). Likewise, a dance participant assumes the ordinary risks associated with that activity. Champagne v. Harahan Lions Club, Inc., supra. Participation in a sport such as dancing includes the ordinary risk of being bumped or jostled and possibly even falling as a result. In this case, plaintiff assumed this risk. Also, after observing the fast dancing couple, the plaintiff further assumed the risk of being bumped, jostled or even injured by chosing simply to move away, rather than leaving the dance floor. Therefore, we find that the plaintiff assumed the risk of contact with the other dancers.

CONCLUSION
For the above stated reasons, we affirm the decision of the trial court in favor of the defendant, Bonnie & Clyde's of Hattiesburg, Inc. d/b/a Chevy's Diner & Bar and *1008 dismissing the claims of the plaintiff, Joanne L. Heard, at her costs.
AFFIRMED.