LANIER, Judge,
dissenting.
The jury committed manifest error in finding that HCA and Bryan Yaun breached duties owed by them to the plaintiff.
Participants in sports activities have a duty to play in a reasonable and sportsmanlike manner, according to the rules of the game, and to refrain from acts which constitute a wanton or reckless disregard for the safety of other participants. Picou v. Hartford Insurance Company, 558 So.2d 787, 790 (La.App. 5 Cir.); Ginsberg v. Hontas, 545 So.2d 1154, 1155 (La.App. 4th Cir.), writ denied, 550 So.2d 631 (La.1989). The record shows that Yaun and plaintiff were voluntary participants in a volleyball game. The accident occurred when both Yaun and plaintiff were attempting to return the volleyball. The record shows that Yaun may have been playing aggressively, but it does not reveal that he was acting in reckless disregard of the safety of other participants (plaintiff). Yaun did not breach the duty owed to plaintiff, and, therefore, the jury verdict finding Yaun negligent should be reversed. See for example Picou v. Hartford Insurance Company, 558 So.2d at 790-791; Ginsberg v. Hontas, 545 So.2d at 1156-1157; Novak v. Lamar Insurance Company, 488 So.2d 739 (La.App. 2nd Cir.), writ denied, 491 So.2d 23 (La.1986).
Sports facility operators have a duty to provide participants in sports events with a reasonably safe area in which to play. However, they owe no duty to participants to protect them from reasonable risks attendant upon such participation. Lambert v. Wheels “R” Rolling Skate Center, Inc., 552 So.2d 732, 734 (La.App. 1 Cir.). For example, some collision or bumping is an ordinary risk of participation in volleyball. Therefore, HCA did not breach its duty to the plaintiff to provide him with a reasonably safe place to play volleyball. The record reveals that the collision occurred between Yaun and plaintiff who were side by side on the volleyball court. Thus, the shortness of the court was not a factor in the collision (court was normal width). The record reveals that sufficient safety rules for participation in the game were read to the participants prior to the games and that adequate supervision took place during the games. Plaintiff admitted he was not forced to participate in the volleyball game. It is clear from the record that no duty owed by HCA to the plaintiff was breached. The jury verdict finding HCA negligent is clearly wrong and should be reversed. See for example Turner v. Caddo Parish School Board, 252 La. 810, 214 So.2d 153 (1968); Lambert v. Wheels “R” Rolling Skate Center, Inc., 552 So.2d at 734-735; Harvey v. Quachita Parish School Board, 545 So.2d 1241 (La.App. 2nd Cir.1989); Hills v. Skate Country East, Inc., 430 So.2d 1035 (La.App. 4th Cir.), writ denied, 438 So.2d 568 (La.1983); Reech v. Optimist Club of Downtown Baton Rouge, Louisiana, Inc., 408 So.2d 399 (La.App. 1st Cir.1981), writ denied, 412 So.2d 85 (La.1982); Alfonso v. Market Facilities of Houston, Incorporated, 356 So.2d 86 (La.App. 1st Cir.), writ refused, 357 So.2d 1169 (La.1978). The practical effect of the jury verdict in the instant case is to make participants and sponsors of sporting events insurers of the safety of other participants. I can not be a party to such a holding.
For the foregoing reasons, I respectfully dissent.