732 So.2d 628 (1999)
Toby MIXON, Plaintiff-Appellant,
v.
Cason DAVIS, et al., Defendants-Appellees.
No. 31,725-CA.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1999.
*629 Martin S. Sanders, III, Herman A. Castete, Winnfield, Counsel for Appellant.
Joe Payne Williams, Natchitoches, Counsel for Appellees.
Before NORRIS, STEWART and PEATROSS, JJ.
STEWART, J.
This personal injury case comes before this court on appeal from the granting of a summary judgment, Second Judicial District Court, Jackson Parish, the Honorable Jenifer Ward Clason, presiding. The plaintiff, Toby Mixon (Mixon), filed suit against the owners of the residence where he was stabbed and their insurer, Farm Bureau Insurance Company. Mixon alleges that the owners of the residence, Jerry and Charlotte Hanes (the Hanes), were negligent in that they allowed, with their actual or constructive knowledge, the use of alcoholic beverages and roughhouse activity on the property owned by them and occupied by their son, Stuart Toms, Jr. The trial court found that the Hanes and their insurer, Farm Bureau, were not liable to Mixon for the actions of a third person. Mixon appeals, urging that there remains unresolved issues of fact and that the summary judgment was improperly granted. We affirm.

FACTS
Jerry and Charlotte Hanes own a home on Beach Springs Road in Jackson Parish. The home is occupied by Charlotte's son, Stuart Toms, Jr.(Toms). Toms is the sole resident of the home. On the evening of August 4, 1996, Toby Mixon was visiting with Toms, his longtime friend, at the Jackson Parish home. Also present at the home was Cason Davis. Mixon, Toms, and Davis had been together most of the day, and all three men had been drinking. At one point in the evening, Mixon and Davis remained on the front porch while Toms went inside the house to use the phone.
Although Mixon had a poor recall of the event, it appears that Davis stabbed Mixon in the chest with a knife while Toms was inside the house. Mixon did not know why Davis stabbed him. The wound seriously injured Mixon; the knife blade struck his heart and he spent three weeks in the *630 hospital. Mixon related that he was unable to do anything for three months after his release from the hospital, that he was severely impaired for a longer period and that he continues to suffer from the effects of the wound.
Mixon subsequently sued Davis, the Hanes and Farm Bureau Insurance Company, which provides homeowners' insurance coverage for the Hanes' Beach Springs Road home. The Hanes and Farm Bureau subsequently filed a motion for summary judgment, arguing that the Hanes had no duty to protect Mixon from the acts of a third person.
After considering the available evidence, the trial court granted the defendants' motion for summary judgment on February 9, 1998. A Motion for New Trial was filed but subsequently denied by the trial court on April 16, 1998. Mixon filed a timely devolutive appeal.

DISCUSSION
When reviewing a trial court decision granting a motion for summary judgment, appellate courts consider the evidence de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Guillory v. Interstate Gas Station, 94-1767 (La.3/30/95), 653 So.2d 1152. Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except those disallowed by law; the procedure is favored and must be construed to accomplish these ends. La. C.C.P. art. 966 A(2).
After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted. Art. 966 C(1). The burden of proof remains with the mover. Art. 966 C(2). However, when a motion for summary judgment has been filed and supported by evidence, the adverse party may no longer rely on the mere allegations or denials of his pleadings, but through affidavits or otherwise must set forth evidence demonstrating there is a genuine issue for trial. La. C.C.P. art. 967; Simoneaux v. E.I. du Pont de Nemours & Co., 483 So.2d 908 (La.1986); Berzas v. OXY USA Inc., 29,835 (La.App. 2 Cir. 9/24/97), 699 So.2d 1149.
In the instant case, Mixon alleges that the Hanes breached a legal duty owed to him, in that they allowed, with their actual or constructive knowledge, the use of alcoholic beverages and roughhouse activity on the property owned by them and occupied by their son. Consequently, Mixon contends that the trial court erred in granting summary judgment in the defendants' favor because there remains questions of fact to be decided at the trial regarding the use of alcohol and related activities.
To determine whether a defendant is liable for negligent conduct, the duty/ risk analysis of LSA-C.C. Art. 2315 must be applied. Rowe v. Schumpert Medical Center, 26,334 (La.App.2d Cir. 12/07/94), 647 So.2d 390, 393, writ denied, 95-0075 (La.03/17/95), 651 So.2d 268. Whether a duty is owed is a question of law. Whether the defendant breached that duty is a question of fact.
Mixon's allegations that the Hanes were negligent is subject to a duty-risk analysis, Roberts v. Benoit, 605 So.2d 1032 (La.1991). The duty/risk analysis involves a four-prong inquiry: (1) cause-in-fact, i.e., whether the defendant's conduct was a substantial factor in bringing about the harm to the plaintiff; (2) whether the defendant owed a duty to the plaintiff; (3) whether the defendant breached the duty; and (4) whether the risk, and harm caused, was within the scope of protection afforded by the duty breached. Mathieu v. Imperial Toy Corp., 94-0952 (La.11/30/94), 646 So.2d 318. In order for the plaintiff to recover, all four inquiries must be answered affirmatively. Roberts v. Benoit, supra; Mart v. Hill, 505 So.2d 1120 (La. 1987); Moore v. Esponge, 94-1192 (La. App. 3d Cir.03/08/95), 651 So.2d 962, 965. *631 Thus, the defendant will be entitled to summary judgment if, without any real doubt, any one inquiry is answered negatively.
The initial inquiry is the scope of the Hanes' duty to Mixon. This inquiry requires an analysis of the circumstances of the particular case. Mixon urges that the Hanes allowed, with their actual or constructive knowledge, the use of alcoholic beverages and roughhouse activity on the property owned by them and occupied by Charlotte Hanes' son, Toms. The inquiry arises in the context of summary judgment. La. C.C.P. art. 966 C(2). If the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. Questions of negligence are generally inappropriate for disposition by summary judgment. However, a defendant is entitled to dismissal by means of this procedural vehicle, if, after the opposing party has had an adequate opportunity to develop evidence, the record is completely devoid of any suggested basis for the defendant's liability. Banks v. State Farm Ins. Co., 30,868 (La.App. 2 Cir. 8/19/98), 717 So.2d 687. Similarly, summary judgment is appropriate when there are no material facts at issue and no legal duty exits. Banks, supra at 690; Washington v. State, Dept. of Transp. and Development, 95-14 (La.App. 3 Cir. 7/5/95), 663 So.2d 47, 51, writ denied, 95-2012 (La.11/13/95), 664 So.2d 405.
In order to prevail, Mixon must show that the Hanes owed a duty which they breached which would have prevented the alleged injury. No duty exists under Louisiana law to discover, warn of or protect against the criminal propensities of a third party where no prior knowledge of criminal propensities exists. Louisiana law is clear that no duty to protect against or control the actions of a third party exists unless the defendant has a "special relationship" with the victim. Hackett v. Schmidt, 630 So.2d 1324,1328 (La.App. 4 Cir.1993); Enterprise Transportation Co. v. Veals, 532 So.2d 917, 921 (La.App. 5th Cir.1988).
The facts presented to the trial court disclosed no special relationship between the Hanes and Mixon, and no evidence that the Hanes allowed, with their actual or constructive knowledge, the use of alcoholic beverages and roughhouse activity on the property owned by them and occupied by Charlotte Hanes' son, Toms. When the stabbing occurred, the Hanes were not present at the Beach Springs Road home. Mixon had been to Toms' house on numerous occasions without incident. In his deposition, Mixon testified that although he had visited Toms' house many times, he had never been involved in a fight there, nor had he seen anyone else fighting, other than seeing arguments between Toms and his former wife. He also said that he had never spoken with the Hanes about any "roughhouse" activity or the use of alcoholic beverages at Toms' house.
Furthermore, in his deposition, Mixon testified that on the day of the stabbing he purchased a six-pack of beer, and that the alcoholic beverages he, Davis, and Toms consumed were not at the Hanes' Beach Springs Road home. Mixon further testified that he, Davis, and Toms were together most of the day and that they went to the Beach Springs Road home after they consumed the alcoholic beverages, "somewhere right after dark".
In the face of the evidence presented by the defendants, the plaintiff could not rely solely upon the allegations contained in his pleadings. In order to defeat the defendants' motion for summary judgment, the plaintiff is obligated to show, by affidavit or otherwise, that some contested issue of fact remained for resolution at trial. Mixon failed to do so.
Furthermore, Mixon has not shown that a duty was owed to him, a third party, to protect him and that the duty was breached. Nor has the plaintiff shown *632 that the Hanes knew that Davis was dangerous or that the Hanes allowed, with their actual or constructive knowledge, the use of alcoholic beverages and roughhouse activity on the property owned by them. Mixon's own sworn deposition testimony demonstrates that there was no breach of duty for which the defendants could be held liable.
Our review of the record convinces us that the defendants carried their burden of proof by showing that the truth is self-evident and that no real doubt exists as to the existence of any genuine issue of fact.

CONCLUSION
For these reasons, we find that the defendants successfully carried their burden of proving that no genuine issues of material fact exist, that they are entitled to judgment as a matter of law and that there is an absence of factual support of a duty owed by the defendants to Mixon. The trial court correctly granted the motion for summary judgment filed by Jerry and Charlotte Hanes and Farm Bureau Insurance Company. Costs of this appeal are assessed to plaintiff-appellant, Toby Mixon.
AFFIRMED.