920 So.2d 355 (2006)
June MOSLEY and Max F. Mosley, Plaintiffs-Respondents,
v.
TEMPLE BAPTIST CHURCH OF RUSTON, LOUISIANA, INC., and Guide One Insurance Company, Defendants-Applicants.
No. 40,546-CW.
Court of Appeal of Louisiana, Second Circuit.
January 25, 2006.
*356 Seabaugh & Benson by Alan T. Seabaugh, Shreveport, J. Todd Benson, for Applicants.
Darrell R. Avery, Jonesboro, for Respondents.
Before BROWN, GASKINS and CARAWAY, JJ.
GASKINS, J.
The defendants, Temple Baptist Church of Ruston, Louisiana, Inc. (church), and its insurer, GuideOne Mutual Insurance Company (GuideOne)[1] filed a writ application seeking supervisory review of the trial court's denial of their motion for summary judgment. This court granted the writ application and docketed the matter for review of the full record. For the following reasons, we reverse the trial court judgment.

FACTS
The church held a fall festival on October 30, 2003. A large number of people attended the festival, including the plaintiffs, June and Max Mosley. Mrs. Mosely was looking for her daughter and grandchild who had arrived earlier. Just as Mrs. Mosely saw her daughter, a group of boys ran toward Mrs. Mosely. According to the plaintiffs, one of the boys, who was stoutly built and between 11 and 13 years old, jumped into the air and spun around, striking Mrs. Mosely and knocking her down. The plaintiffs' daughter attempted to detain the boy, but when she turned her attention to Mrs. Mosely, the boy fled. Mrs. Mosley suffered a broken arm which required surgery to repair.
The plaintiffs filed suit against the church and GuideOne for damages and loss of consortium, claiming that the accident occurred on church property and that the church was negligent in failing to provide adequate security for the event. The defendants filed a motion for summary judgment, arguing that the church had no duty to protect Mrs. Mosley, breached no duty, was not the cause-in-fact of her injuries, and was not the legal cause of her injuries.
The motion was argued before the trial court on June 23, 2005. The trial court denied the motion. In a written ruling on June 29, 2005, the trial court outlined general principles regarding motions for summary judgment and then stated, "The Court has carefully reviewed the pleadings, affidavits, exhibits and other documentation filed in connection herewith and concludes that there remain genuine issues of material fact; mover is not entitled to judgment as a matter of law." The defendants filed a writ application with this court which was granted on September 1, 2005.
The defendants contend that the trial court erred in denying the church's motion for summary judgment because the motion was solely on the issue of duty  a pure question of law. According to the defendants, they stipulated to all the relevant facts contained in the plaintiffs' petition, but the trial court denied the motion for *357 summary judgment on the basis that there were "genuine issues of material fact."

LEGAL PRINCIPLES
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991); Costello v. Hardy, XXXX-XXXX (La.1/21/04), 864 So.2d 129. A court must grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). Summary judgment procedure is favored and is designed to secure the just, speedy and inexpensive determination of actions. La. C.C.P. art. 966(A)(2).
However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. The party opposing summary judgment cannot rest on the mere allegations or denials in his pleadings, but must show that he has evidence which, if believed, could satisfy his evidentiary burden of proof at trial. If he has no such evidence, then there is no genuine issue of material fact, and the movant is entitled to summary judgment. La. C.C.P. art. 966(C)(2); Eason v. Finch, 32,157 (La.App.2d Cir.8/18/99), 738 So.2d 1205, writ denied, 1999-2767 (La.12/10/99), 751 So.2d 861; Thielmier v. Louisiana Riverboat Gaming Partnership, 31,739 (La.App.2d Cir.3/31/99), 732 So.2d 620.
In general, the owner or operator of a facility has the duty of exercising reasonable care for the safety of persons on his premises and the duty of not exposing them to unreasonable risks of harm or injury. Mundy v. Department of Health and Human Resources, 92-3251 (La.1993), 620 So.2d 811. Sponsors of fairs and festivals owe to patrons of their events a duty of reasonable care, commensurate with the potential dangers posed by their operations. Hutchinson v. Knights of Columbus, Council No. 5747, XXXX-XXXX (La.2/20/04), 866 So.2d 228. Actionable negligence results from the creation or maintenance of an unreasonable risk of injury to others. In determining whether the risk is unreasonable, not only the seriousness of the harm that may be caused is relevant, but also the likelihood that harm will be caused. Bass v. Aetna Insurance Company, 370 So.2d 511 (La.1979).
While a business establishment is under a duty to take reasonable care for the safety of its patrons, it is not the insurer of their safety. Eason v. Finch, supra. Louisiana law is clear that no duty to protect against or control the actions of a third party exists unless a special relationship exists to give rise to such a duty. Mixon v. Davis, 31,725 (La.App.2d Cir.3/31/99), 732 So.2d 628; Enterprise Transportation Company v. Veals, 532 So.2d 917 (La.App. 5th Cir.1988).
In Posecai v. Wal-Mart Stores, Inc., XXXX-XXXX (La.11/30/99), 752 So.2d 762, the Louisiana Supreme Court discussed the means by which the court decided whether to impose liability:
This court has adopted a duty-risk analysis to determine whether liability exists under the particular facts presented. *358 Under this analysis the plaintiff must prove that the conduct in question was the cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant and the risk of harm was within the scope of protection afforded by the duty breached. Under the duty-risk analysis, all four inquiries must be affirmatively answered for plaintiff to recover.
A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. Whether a duty is owed is a question of law. In deciding whether to impose a duty in a particular case, the court must make a policy decision in light of the unique facts and circumstances presented. The court may consider various moral, social, and economic factors, including the fairness of imposing liability; the economic impact on the defendant and on similarly situated parties; the need for an incentive to prevent future harm; the nature of defendant's activity; the potential for an unmanageable flow of litigation; the historical development of precedent; and the direction in which society and its institutions are evolving. [Citations omitted.]

DISCUSSION
We accept the plaintiffs' position that there was a duty on the part of the church to exercise reasonable care for the safety of the festival patrons. The plaintiffs claim that this duty was breached because, without proper security, the church could reasonably foresee that injuries would result from unruly groups of children running on the church grounds. The plaintiffs assert that if there had been an adequate number of visible, uniformed security officers at the event, they would have deterred the kind of unruly behavior that resulted in Mrs. Mosley's injuries.
In order for the defendants' motion for summary judgment to be granted, they must show that there is an absence of factual support for one or more elements essential to the plaintiffs' claims. The defendant's answers to interrogatories show that there were five uniformed sheriff's deputies on duty as well as more than 150 volunteers working in various capacities at the festival. The estimated number of attendees was 2,500. According to the defendants' answers to interrogatories, in the eight years that the festival had been held, no substantial injuries had been incurred by the public. This shows that the church had adequate security under the circumstances.
We also note that Mrs. Mosley stated in her deposition that she did not see the boys before she was knocked down. She said that she did not think that the boy knocked her down on purpose. Mrs. Mosley's daughter stated in her affidavit that she observed the boys running for about 15 yards. The undisputed facts show that this accident was a sudden and precipitous event that the church would have been hard pressed to prevent, regardless of the number of security guards that were employed. See Heard v. Bonnie & Clyde's of Hattiesburg, Inc., 501 So.2d 1003 (La.App.2d Cir.1987), writ denied, 503 So.2d 481 (La.1987). See also Eason v. Finch, supra; Mixon v. Davis, supra; Thielmier v. Louisiana Riverboat Gaming Partnership, supra; Fleming v. Hilton Hotels Corporation, XXXX-XXXX (La.App. 4th Cir.7/12/00), 774 So.2d 174.[2]
*359 The facts in this case contrast with those of Bass v. Aetna Insurance Company, supra, in which a church failed to alleviate, and in fact encouraged, an unreasonable risk of harm. In Bass, the plaintiff, who was standing in the aisle of the overcrowded church, was struck and injured by another congregant who was running down the aisle under the direction of the minister. In the present case, there is no showing that the church encouraged the child who collided with Mrs. Mosley to run through the crowd. Further, there were uniformed security officers and numerous volunteers working at the festival.
The church showed that they fulfilled their duty by utilizing at least five sheriff's deputies for security as well as having 150 volunteers. After the church pointed out a lack of factual support for the plaintiffs' claim, the plaintiffs failed to come forward with any showing that the number of security personnel and volunteers was insufficient under the circumstances to prevent the harm suffered by Mrs. Mosley. Without the necessary factual support for this element essential to their claim, the plaintiffs failed to show that there is a genuine issue of material fact in this case. As stated previously, the party opposing the motion for summary judgment cannot rest on the mere allegations or denials in his pleadings, but must show that he has evidence which, if believed, could satisfy his evidentiary burden of proof at trial. Because the plaintiffs failed to establish that the defendants breached a duty to them in this case, the trial court erred in failing to grant the defendants' motion for summary judgment.

CONCLUSION
Based upon the motion for summary judgment and the affidavits, deposition, and answers to interrogatories filed in this matter, there is no showing that the church breached a duty owed Mrs. Mosely to protect her against being knocked down by an unknown child who suddenly ran through the crowd. Accordingly, the trial court judgment denying the defendants' motion for summary judgment is reversed and the plaintiffs' claims against Temple Baptist Church of Ruston, Louisiana, Inc. and GuideOne Mutual Insurance Company are dismissed with prejudice. Costs are assessed to the plaintiffs.
REVERSED AND RENDERED.
NOTES
[1] The defendants stated in their answer that GuideOne had been incorrectly identified as Guide One Insurance Company.
[2] Although decided in trials on the merits, the following cases are instructive: Mundy v. Department of Health and Human Resources, supra; Henderson v. Louisiana Downs, Inc., 566 So.2d 1059 (La.App. 2d Cir.1990), writ denied, 569 So.2d 984 (La. 1990); Lambert v. Wheels "R" Rolling Skate Center, Inc., 552 So.2d 732 (La.App. 1st Cir.1989), writ denied, 556 So.2d 1265 (La.1990); Frances v. Insurance Company of North America, 186 So.2d 416 (La.App. 4th Cir.1966); Mays v. Gretna Athletic Boosters, Inc., 95-717 (La.App. 5th Cir.1/17/96), 668 So.2d 1207; Scott v. Fair Grounds Corporation, 112 So.2d 763 (La.App.Orleans 1959); Master v. Alsina, 15 So.2d 660 (La.App.Orleans 1943).