965 So.2d 980 (2007)
Beverly Margaret LOWERY, Plaintiff-Appellant
v.
WAL-MART STORES, INC., Defendant-Appellee.
No. 42,465-CA.
Court of Appeal of Louisiana, Second Circuit.
September 19, 2007.
*981 Bobby L. Culpepper, Jonesboro, for Appellant.
Blanchard, Walker, O'Quinn & Roberts, Paul M. Adkins, Scott R. Wolf, Shreveport, for Appellee.
Before WILLIAMS, MOORE and LOLLEY, JJ.
LOLLEY, J.
Beverly Margaret Lowery appeals the grant of a motion for summary judgment by the Third Judicial District Court, Parish of Lincoln, State of Louisiana, in favor of Wal-Mart Louisiana, L.L.C. and Wal-Mart Stores, Inc. (collectively, "Wal-Mart"). For the following reasons, we affirm.

FACTS
On June 16, 2006, Lowery was a customer in a Wal-Mart store in Ruston, Louisiana. As she was leaving the ladies' restroom, she was allegedly injured when the restroom door struck her. She claimed that the door was abruptly opened by three young boys, ranging in approximate ages of four to eight, as they were running into the ladies' restroom mistaking it for the men's restroom. The boys were under the supervision of their grandmother, who apologized to Lowery for the mishap. The *982 identities of the boys and their grandmother is unknown.
Subsequently, Lowery brought this action solely against Wal-Mart, claiming it was negligent for:
1) failing to provide a restroom door that would not slam in a person's face;
2) failing to properly monitor the children;
3) allowing children to run in the store; and,
4) failing to post signs warning that children were allowed to run in the store.
In response (and after filing its answer), Wal-Mart filed its motion for summary judgment, maintaining that it was not responsible for the supervision and control of minor children who may accompany a parent or guardian into its store, and as a result, it was entitled to summary judgment as a matter of law.
After a hearing of the matter, the trial court ruled in favor of Wal-Mart, determining that there were no facts in dispute and that the case came down to a determination of whether a duty was owed. Finding that Wal-Mart owed Lowery no duty to protect her from someone else's children, the trial court granted Wal-Mart's motion for summary judgment and dismissed Lowery's claims with prejudice. This appeal by Lowery ensued.

DISCUSSION
On appeal, Lowery raises only one assignment of error, arguing that the trial court erred in granting Wal-Mart's motion for summary judgment because contested material facts existed. Lowery only points to one "fact" she contends was contested, that being whether Wal-Mart fulfilled its duty to exercise reasonable care when it allowed children to run in the store after repeatedly asking them to stop running. Lowery argues that Wal-Mart had a duty to do something about the children, because, she alleges, they had been caught running in the store twice before. Additionally, Lowery argues that it was probable and foreseeable that the boys would continue to run in the store. Basically, Lowery argues that Wal-Mart could have done more to prevent the children from being unruly in the store, and that its failure to do so resulted in her injury. We disagree.
Appellate courts review summary judgment de novo, using the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Shelton v. Standard/700 Associates, XXXX-XXXX (La.10/16/01), 798 So.2d 60; Mackey v. Jong's Super Value No. 2, 41,440 (La.App.2d Cir.09/27/06), 940 So.2d 118. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966(A)(2). The procedure is favored under Louisiana law and shall be construed to accomplish these ends. Id. Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.C.C.P. art. 966(B).
The burden of proof on a motion for summary judgment remains with the movant, in this case, Wal-Mart. La.C.C.P. art. 966(C)(2). However, if the movant will not bear the burden of proof at trial, its burden does not require it to negate all essential elements of the adverse party's claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to his claim. Id. If the movant meets this initial burden of proof, the burden shifts to the adverse party to produce factual support *983 sufficient to establish that he will be able to meet his evidentiary burden at trial. Id. Here, if Lowery fails to meet this burden, there is no genuine issue of material fact, and Wal-Mart is entitled to summary judgment. La.C.C.P. art. 966.
As provided in La.C.C.P. art. 967(B), Lowery may not rest on the mere allegations of her pleading in response to a properly made and supported motion for summary judgment; rather her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If she does not so respond, summary judgment, if appropriate, shall be rendered against her. La. C.C.P. art. 967(B).
Louisiana courts have adopted a duty-risk analysis in determining whether to impose liability under the general negligence principles of Louisiana Civil Code article 2315. For liability to attach under a duty-risk analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard of care; (2) the defendant failed to conform his conduct to the appropriate standard of care; (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages. Pinsonneault v. Merchants & Farmers Bank & Trust Co., 2001-2217 (La.04/03/02), 816 So.2d 270. Duty is a question of law. Beck v. Schrum, 41,647 (La.App.2d Cir.11/01/06), 942 So.2d 669. The inquiry is whether a plaintiff has any law-statutory, jurisprudential, or arising from general principles of fault-to support his or her claim. Hardy v. Bowie, 1998-2821 (La.09/08/99), 744 So.2d 606.
A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. Whether a duty is owed is a question of law. Posecai v. Wal-Mart Stores, Inc., XXXX-XXXX (La.11/30/99), 752 So.2d 762. Whether a legal duty is owed by one party to another depends on the facts and the circumstances of the case and the relationship of the parties. Haskins v. State Farm Fire & Cas. Co., 612 So.2d 990 (La.App. 2d Cir.1993).
Louisiana law is clear that no duty to protect against or control the actions of a third party exists unless a special relationship exists to give rise to such a duty. Mosley v. Temple Baptist Church of Ruston, Louisiana, Inc., 40,546 (La. App.2d Cir.01/25/06), 920 So.2d 355. In general, the owner or operator of a facility has the duty of exercising reasonable care for the safety of persons on his premises and the duty of not exposing them to unreasonable risks of harm or injury. Mundy v. Department of Health and Human Resources, 620 So.2d 811 (La.1993); Mosley, supra. However, while a business establishment is under a duty to take reasonable care for the safety of its patrons, it is not the insurer of their safety. Id.
Here, the facts are strikingly similar to those in Mosley, where the plaintiff was knocked down and injured by unidentified running boys at a church fair. The Mosley court concluded that the church had no duty to protect against a "sudden and precipitous event that the church would have been hard pressed to prevent." Such is the case here. Whereas Lowery argues that Wal-Mart had a duty to her to protect her from the allegedly unruly children, she offers no actual evidence to indicate that Wal-Mart indeed was on notice of the boys' rowdy behavior. In fact, she only offers hearsay evidence that a Wal-Mart employee had prior knowledge of the boys running through the store. And, even if Wal-Mart employees were aware *984 of the boys' activities, there is additionally no proof that its employees knew that the boys' actions were endangering the safety of its patrons. Notably, Lowery testified in her deposition that she had no knowledge of the boys' actions prior to their attempting to enter the ladies' restroom. Finally, we note that in a store as large as a Wal-Mart store, which caters to a clientele that very often includes families with young children, it would be virtually impossible for Wal-Mart to police the actions of every child in the store. To impose a duty on Wal-Mart to protect patrons from rambunctious children, as in this case when there was no evidence that Wal-Mart had any notice that the children were creating havoc and were potentially dangerous, would be unduly burdensome. Generally under facts such as these, such a duty must lie with the parents or guardians of the unruly children. So considering, we conclude that the trial court was not in error in granting Wal-Mart's motion for summary judgment.

CONCLUSION
For the foregoing reasons, the judgment of the trial court granting the motion for summary judgment filed by Wal-Mart Louisiana, LLC and Wal-Mart Stores, Inc. and dismissing the claims by Beverly Lowery is affirmed. Costs of this appeal are assessed to Lowery.
AFFIRMED.