LOLLEY, J.
 

 | TAlpine Meadows, L.C. appeals a summary judgment granted by the First Judicial District Court, Parish of Caddo, State of Louisiana, in favor of the defendants, Peter Mark Winkler and Sarah Cush Winkler. For the following reasons, we affirm the trial court’s judgment.
 

 Facts
 

 Peter and Sarah Winkler purchased from Alpine Meadows a golf course in Caddo Parish, Louisiana, by act of credit sale in October 2001. The original sale price was $1.1 million, and the Winklers signed a promissory note in favor of Alpine Meadows in the original amount of $1.1 million (the “original note”). The original note called for monthly payments, with a balloon payment due and payable on October 15, 2006. Alpine Meadows currently claims that the Winklers failed to make timely payments for the scheduled amounts in accordance with the original note.
 

 Ultimately, the parties entered into negotiations for restructuring the Winklers’ debt. An Allonge to the original note was prepared in order to “modify, change and amend certain of the terms of the [original note] dated October 5, 2001.” The changes made by the Allonge included reduction of the principal amount of the debt to $875,000.00, reduction of the initial in
 
 *1030
 
 terest rate, and extension of the time for repayment through 2029. The Allonge also provided that all payments on the original note were deemed current through December 31, 2006, and Alpine Meadows waived all accrued unpaid interest due under the original note through January 1, 2007. On March 2, 2007, Peter Winkler and Garry Black, Alpine Meadows’ managing partner, met to finalize discussions and execute the Allonge; |2however, Sarah Winkler was not present for the execution. At that time, Peter Winkler stated that he did not expect her to execute the documents, but he and Black signed the Al-longe. The Winklers continued to make payments as before, with these payments being in line with the terms of the Allonge. Eventually, on July 5, 2007, Sarah Winkler executed the documents amending the original deal. Apparently, the Winklers were never given a copy of the fully executed Allonge, and the original was maintained, attached to the original note, by Alpine Meadows’ attorney.
 
 [1]
 
 The Winklers continued to make payments. Whereas Alpine Meadows claims the payments were sporadic, the Winklers maintain that they made regular payments pursuant to the Allonge.
 

 On April 22, 2008, the Winklers entered into an oil and gas lease with Chesapeake Louisiana, L.P. and received a signing bonus of $488,000.00. Shortly thereafter on June 2, 2008, Alpine Meadows sued the Winklers to dissolve the 2001 sale of the property, alleging that the Winklers had failed to pay the original purchase price of $1.1 million. Chesapeake was also named a defendant because of its interest in the mineral lease, and Alpine Meadows sought to have the lease cancelled.
 
 [2]
 
 The Winklers filed a motion for summary judgment, stating that Alpine Meadows did not establish the amount of the unpaid portion of the purchase price. Further, in their motion for summary judgment, the Winklers stated that the purchase price had been | amodifíed and the unpaid portion of the purchase price demanded by Alpine Meadows in its suit was intentionally erroneous. Thus, the Winklers maintained, it was impossible for Alpine Meadows to prove either the unpaid portion of the purchase price or the failure of the Winklers to pay that price, which are the essential elements of Alpine Meadows’ claim for dissolution of the sale. The trial court granted the Winklers’ motion for summary judgment as a matter of law, and dismissed all of Alpine Meadows’ claims with prejudice. This appeal by Alpine Meadows ensued.
 

 Discussion
 

 On appeal, Alpine Meadows raises two assignments of error. First, it states that the trial court erred in dismissing its claim for rescission of the sale, despite the admission by the Winklers that they had not paid the purchase price. Alpine argues that regardless what the total amount owed is, the Winklers failed to pay the purchase price. In its second assignment of error, Alpine argues that the trial court erred when it determined there were no genuine issue of material fact surrounding the execution of the Allonge. We disagree with both arguments.
 

 Appellate courts review summary judgments
 
 de novo
 
 under the same criteria that govern a district court’s consideration of whether summary judgment is appropriate.
 
 Costello v. Hardy,
 
 2003-1146
 
 *1031
 
 (La.01/21/04), 864 So.2d 129;
 
 Schroeder v. Board of Sup’rs of Louisiana State University,
 
 591 So.2d 342 (La.1991). A court must grant a motion for summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue |4as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). Summary judgment procedure is favored and is designed to secure the just, speedy and inexpensive determination of actions. La. C.C.P. art. 966(A)(2);
 
 Mosley v. Temple Baptist Church of Ruston, Louisiana, Inc.,
 
 40,546 (La.App.2d Cir.01/25/06), 920 So.2d 355.
 

 Initially, the movant bears the burden of proof. La. C.C.P. art. 966(C)(2). If the movant successfully meets this burden, then the burden shifts to the other party to present factual support adequate to establish that he/she will be able to satisfy the evidentiary burden at trial. If the other party fails to meet this burden, there is no genuine issue of material fact, and the movant is entitled to summary judgment as a matter of law.
 
 Supreme Services and Specialty Co. v. Sonny Greer, Inc.,
 
 2006-1827 (La.05/22/07), 958 So.2d 634.
 

 In its petition, Alpine Meadows sought to rescind and dissolve the sale of the property to the Winklers, alleging they failed to pay the price of the sale. If the buyer fails to pay the price, the seller may sue for dissolution of the sale. La. C.C. art. 2561. Thus, in a suit to rescind or dissolve a sale for nonpayment of the price, an essential element to prove is the price. Thus, the first question that arises in this case is: what was the price? Alpine Meadows expressly represented in its petition to the trial court that the price the Winklers failed to pay was the original amount of $1.1 million. However, Alpine Meadows based its suit on an obligation that was subsequently amended and ceased to exist when its petition was filed. Whereas the price stated by Alpine Meadows, $1.1 million, was the original |ñsales price, it was not the ultimate sales price, but was substantially modified in 2007 as a result of the Allonge. As stated, in a suit to rescind or dissolve a sale for nonpayment of the price, it is imperative that the price be stated. In other words, statement of the price is absolutely essential when a claimant seeks to dissolve a sale for nonpayment of the price. Here, because Alpine Meadows failed to state the actual price (and, in fact, by omission misrepresented the actual price to the trial court), it would not be able to satisfy its evidentiary burden at trial based on the claims made in its petition. We find it disconcerting that Alpine Meadows failed to mention the extremely pertinent fact that the original note had been amended in 2007 by the Allonge, nor did it, even after the Winklers’ answer, amend its petition to set forth the actual facts of this matter. So considering, summary judgment as a matter of law was proper in this matter.
 

 Further, we agree with the Winklers that the original note was extinguished upon the execution of the Allonge in 2007. It is evident that the parties intended for the Allonge to amend and extinguish the original note and serve to amend the terms regarding the purchase of the property. In fact, the Allonge states as much. Additionally, we do not believe that there is a genuine issue of material fact surrounding the execution of the Allonge, despite the fact that Sarah Winkler signed the Allonge four months after her husband. Sarah Winkler’s signature on the Allonge was immaterial, because Peter Winkler alone could bind the community.
 
 See
 
 La. C.C. art. 2346;
 
 Webb
 
 
 *1032
 

 v. Pioneer Bank & Trust Co.,
 
 530 So.2d 115 (La.App. 2d Cir.1988).
 

 ^However, we do not think it is even necessary to go down that road. In filing its petition, Alpine Meadows failed to ever mention the existence of the Allonge, yet now, on appeal, it seeks to use facts surrounding the execution of that same document in order to escape summary judgment dismissal of its claims. It is disingenuous for Alpine Meadows to omit any mention of the Allonge (after apparently accepting a year’s worth of payments under it), but then to hide behind the manner of its execution in an attempt to save its case. Alpine Meadows chose not to refer to the Allonge in its petition — had it done so perhaps Alpine Meadows would have made a case against the Winklers that would have survived summary judgment.
 

 Finally, regarding the trial court’s dismissal of the action with prejudice, we disagree with the implication at oral argument by the Winklers that such a dismissal would prevent Alpine Meadows from bringing suit again on this obligation. A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. La. C.C.P. art. 1673. Such a dismissal does not mean that the Winklers are relieved of any payment to Alpine Meadows under the Al-longe. Indeed, the primary effect of this dismissal with prejudice is that Alpine Meadows is barred from bringing suit against the Winklers arising
 
 from
 
 the same occurrence stated in this litigation. In other words, Alpine Meadows cannot make the same claims based on the same circumstances against the Winklers. However, we do not take it to mean that Alpine Meadows is forever barred from filing suit against the Winklers, even under the Al-longe. The dismissal with prejudice only prevents Alpine Meadows from bringing suit against the Winklers raising these same claims on these |7same facts and circumstances.
 
 [3]
 
 It does not relieve the Winklers of their obligations under the Allonge and credit sale, nor does it prevent Alpine Meadows from filing suit against the Winklers in the event they breach their obligations as to Alpine Meadows at some other time.
 

 Conclusion
 

 For the foregoing reasons, the judgment dismissing the claims with prejudice by Alpine Meadows, L.C. against Peter and Sarah Winkler is affirmed. All costs of this appeal are assessed to Alpine Meadows.
 

 AFFIRMED.
 

 APPLICATION FOR REHEARING
 

 Before WILLIAMS, STEWART, GASKINS, MOORE, and LOLLEY, JJ.
 

 Rehearing denied.
 

 [1]
 

 . Alpine Meadows has new, additional legal counsel for appeal purposes who, apparently, did not participate in negotiations for the Allonge or in the filing of the initial lawsuit.
 

 [2]
 

 . Although Alpine Meadows did originally seek the cancellation of the Chesapeake mineral lease, on appeal there has been no argument that the trial court erred in failing to cancel the lease as requested.
 

 [3]
 

 . For instance, the issue of the cancellation of the mineral lease has been dismissed (and not argued on appeal) and cannot be relitigated.