# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 25-599


 DEBORAH GERACI

VERSUS

ACADEMY, LTD. D/B/A ACADEMY SPORTS & OUTDOORS



**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2022-2118
HONORABLE MICHELE S. BILLEAUD, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## LEDRICKA J. THIERRY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Van H. Kyzar, Jonathan W. Perry, and Ledricka J. Thierry, Judges.


**AFFIRMED.**



Jacqueline K. Becker
Galloway Jefcoat, L.L.P.
P.O. Box 61550
Lafayette, LA 70596
(337) 984-8020
COUNSEL FOR PLAINTIFF/APPELLANT:
    Deborah Geraci

**James M. Garner**
**Ryan O. Luminais**
**Grant G. Buter**
**Sher Garner Cahill**
**Richter Klein & Hilbert, L.L.C.**
**909 Poydras Street, 28th Floor**
**New Orleans, LA 70112**
**(504) 299-2100**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Academy, Ltd.**

**THIERRY, Judge.**

In this premise liability case, Plaintiff appeals the trial court's grant of summary judgment in favor of Defendant, dismissing Plaintiff's claims with prejudice. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On February 9, 2022, Plaintiff, Deborah Geraci, along with her adult daughter, Marissa Winters, was shopping in the Academy Sports & Outdoors store in Lafayette, Louisiana. While walking through the clothing area, a small ball suddenly rolled underneath a clothes rack and Plaintiff stepped on the ball and fell to the floor. The ball had escaped the hands of a four-year-old boy seconds before the incident. The boy, Quentin Moore, III, was with his parents, Destiny and Quentin Moore. The boy's older sister, Carleyy, stated that a few seconds after her little brother lost control of the ball, it rolled in front of Plaintiff who stepped on the ball and fell. Following Plaintiff's fall, Terry Menard, Jr., one of the managers on duty, called paramedics to the store.

Plaintiff noted the ball came from a basket full of small balls that was accessible to the shopping public. It was alleged that the young boy had been playing with the ball and bouncing it for several minutes and there was a store employee who walked past him without having the boy stop bouncing the ball. As a result of the fall, Plaintiff maintained she sustained serious physical injuries.

On April 25, 2022, Plaintiff filed a Petition for Damages against Defendant, Academy, Ltd., d/b/a Academy Sports & Outdoors. The petition alleged the negligence of Academy in the following particulars:

a. Failing to maintain the premises in a safe and reasonable manner;

b. Failing to ensure the premises was free of dangerous conditions and/or hazardous areas;

c. Failing to notice and warn patrons of dangerous conditions and/or hazardous areas;

d. Failing to notice an unsupervised child was presenting an unreasonably dangerous threat to other patrons;

e. Failing to have sufficient staff present in the area to notice and intervene when an unsupervised child was presenting a danger to other customers; and

f. Not seeing the things Defendant should have seen and not doing the things Defendant should have done, as warranted by conditions prevalent at the time, thus failing to act prudently and by Defendant's negligence, causing damage and injury.

Plaintiff, through counsel, had previously sent Academy a letter on February 15, 2022, requesting that Academy preserve any surveillance footage it had during the relevant time period on February 9, 2022. Academy Claims Examiner, Cemore M. Abney, III (Mr. Abney), executed an affidavit explaining that he personally reviewed the surveillance footage of the store on the night of the incident and preserved the clips that contained relevant footage. Mr. Abney attested that the specific incident where Plaintiff tripped and fell on the ball was not recorded on video. Academy maintained it produced all available and relevant videos to Plaintiff. In response, Plaintiff filed a petition to allege spoliation and impairment of a civil action. The trial court allowed the filing of a spoliation claim in the second amending petition.

Discovery proceeded and depositions were taken of Plaintiff, her daughter (Marissa Winters), the child's parents (Destiny and Quentin Moore), the child's sister (Carleyy Moore) and the Academy store manager (Terry Menard, Jr.). Following discovery, Academy filed a Motion for Summary Judgment, arguing Plaintiff could not meet her burden of proof under Louisiana's Merchant Liability Statute (La.R.S. 9:2800.6). Specifically, Academy maintained Plaintiff could not demonstrate the condition was reasonably foreseeable and that even if it was

2

foreseeable, Academy did not have actual or constructive knowledge of the harm. Additionally, Academy alleged Plaintiff failed to produce any evidence that Academy intentionally failed to preserve any substantive evidence in its possession. After a hearing on the motion for summary judgment, the trial court granted summary judgment in Academy's favor and dismissed all of Plaintiff's claims with prejudice.

Plaintiff appealed the grant of summary judgment in Academy's favor, asserting the following assignments of error:

1. The trial court erred in granting summary judgment and dismissing Plaintiff's claims by weighing the evidence and assessing credibility of witnesses, which is not proper at the summary judgment level.

2. The trial court legally erred in making a finding as to Academy's intent and not finding that material issues of fact existed regarding the spoliation of evidence claim, and whether an adverse presumption applied against Academy in Plaintiff's favor.

## ANALYSIS

Appellate courts apply a de novo standard of review when considering lower court rulings on summary judgment motions. *Bolden v. Tisdale*, 21-224 (La. 1/28/22), 347 So.3d 697. We use the same criteria that governs the trial court's consideration of whether summary judgment is appropriate. *Id*. A trial court must grant a motion for summary judgment if the pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(A)(3), (4). The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by La.Code Civ.P. art. 969. La.Code Civ.P. art. 966(A)(2). The procedure is favored and shall be construed to accomplish these ends. *Id*.

3

The burden of proof rests with the mover; nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La.Code Civ.P. art. 966(D)(1). The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.* When a motion for summary judgment is made and supported as provided in La.Code Civ.P. art. 967(A), an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in La.Code Civ.P. art. 967(A), must set forth specific facts showing that there is a genuine issue for trial. La.Code Civ.P. art. 967(B). If he does not so respond, summary judgment, if appropriate, shall be rendered against him. *Id.*

**I.      *Unreasonably Dangerous Condition.***

The burden of proof in claims against merchants is delineated in La.R.S. 9:2800.6, which states, in relevant part:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

4

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

Thus, in order to prosecute a claim successfully under La.R.S. 9:2800.6, a plaintiff must prove all three of the requirements listed in La.R.S. 9:2800.6(B). The failure to prove any of the requirements of La.R.S. 9:2800.6(B) is fatal to a claimant's cause of action. *White v. Wal-Mart Stores, Inc.*, 97-393 (La. 9/9/97), 699 So.2d 1081.

To prove that a merchant had "constructive notice" of a condition before the injury-causing occurrence, the plaintiff must "prove that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La.R.S. 9:2800.6(C)(1).

The claimant "must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence." *White*, 699 So.2d at 1082. "Though there is no bright line time period . . . [a] claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute." *Id*. at 1084. According to the supreme court, "[t]he statute does not allow for the inference of constructive notice absent some showing of this temporal element." *Id*. "Because it is the claimant's burden to prove [the condition's] existence for some period of time, the absence of evidence . . . is fatal to the claimant's cause of action." *Id*. at 1086.

5

This court in *Fountain v. Wal-Mart Stores, Inc.*, 19-669, p. 6–9 (La.App. 3 Cir. 3/18/20), 297 So.3d 100, 106-07, discussed the temporal element of La.R.S. 9:2800.6(C), stating:

> In *White*, 699 So.2d 1081, *Kennedy v. Wal-Mart Stores, Inc.*, 98-1939 (La. 4/13/99), 733 So.2d 1188, and *Babin v. Winn-Dixie Louisiana, Inc.*, 00-0078 (La. 6/30/00), 764 So.2d 37, the supreme court addressed the "temporal" element of the statute, which requires that the plaintiff show that the condition existed for "some period of time." These Courts held that the plaintiffs could not meet their burden of proof because they presented no evidence at all of this critical temporal element. See *White*, 699 So.2d at 1086 ("Plaintiff presented absolutely no evidence that the liquid was on the floor for any length of time."); *Babin*, 764 So.2d at 40 ("Despite his speculation that the condition may have existed for some period prior to his fall, plaintiff is clearly unable to make a positive showing."); *Kennedy*, 733 So.2d at 1191 ("[P]laintiff presented absolutely no evidence as to the length of time the puddle was on the floor before his accident."). These courts, therefore, did not reach the second issue outlined in La.R.S. 9:2800.6(C)(1) of whether the condition "would have been discovered if the merchant had exercised reasonable care." According to the supreme court in *White*, "[w]hether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question." *White*, 699 So.2d at 1084.
>
> Proof of the temporal element of La.R.S. 9:2800.6 may be made by both direct and circumstantial evidence. *Birdsong v. Hirsch Mem'l. Coliseum*, 39,101 (La.App. 2 Cir. 12/15/04), 889 So.2d 1232; *Lewis v. Jazz Casino Co., L.L.C.*, 17-0935 (La.App. 4 Cir. 4/26/18), 245 So.3d 68, 74–75, *writ denied*, 28-0757 (La. 9/21/18), 252 So.3d 877. Thus, "[a] plaintiff is not required to prove by eyewitness testimony that the hazardous condition existed for a certain number of minutes prior to the fall." *Beggs v. Harrah's New Orleans Casino*, 14-0725, p. 10 (La.App. 4 Cir. 1/21/15), 158 So.3d 917, 923; see also *Davis v. Cheema, Inc.*, 14-1316 (La.App. 4 Cir. 5/22/15), 171 So.3d 984. Circumstantial evidence is "evidence of one fact, or of a set of facts, from which the existence of the fact to be determined may reasonably be inferred." *Smith v. Toys "R" Us, Inc.*, 98-2085, p. 7 (La. 11/30/99), 754 So.2d 209, 213.
> . . .
>
> Evidence that the hazard was there at the time of the fall is insufficient to carry a plaintiff's burden of proof. *Bassett v. Toys "R" Us Delaware, Inc.*, 36,434 (La.App. 2 Cir. 12/30/02), 836 So.2d 465. Furthermore, the store is under no obligation to step up and explain; rather, an additional time period must be shown by the plaintiff. *Id.* As observed in *Kennedy*, 733 So.2d at 1191, it is incumbent upon the plaintiff to put forth "evidence as to the length of time the puddle was on the floor before his accident." Mr. Fountain's sole observation of the puddle that caused his fall was that it contained the skid mark of his

6

foot as it slipped through it; there was no evidence of water discoloration or the presence of buggy tracks through the puddle from which the temporal requirement might be established. Thus, in light of the jurisprudence, Mr. Fountain's argument lacks merit.

In the present case, there is no dispute as to the temporal element. The uncontradicted testimony established the ball got away from the young child, struck his sister's foot, and rolled underneath a rack of clothes, and Plaintiff stepped on the ball, causing her to fall. That entire sequence occurred in a matter of seconds. Plaintiff herself testified that "all of a sudden [she] saw this ball go rolling underneath the clothes or clothes rack, and I just stepped on it." There simply is no evidence that the condition that caused the damage existed long enough to put Academy on notice of its existence.

Apparently realizing there simply is no way to meet the temporal element required, Plaintiff primarily focuses on a different argument in brief. Plaintiff argues that "Academy, as evident in the videos, knew of the balls being thrown throughout the store such that it had notice of the unreasonably dangerous condition." Plaintiff argues Academy's actions contributed to the unreasonably dangerous condition by placing balls in open bins that were accessible to small children, along with basketball goals that were open for shooting. Academy not only allowed small children to test the balls but allowed them to throw them in the store; the unreasonably dangerous condition which led to Plaintiff's injury.

Academy counters that a child handling a ball "in a sporting goods store, a setting expressly designed for customers to examine and test athletic merchandise, does not present an unreasonable and unforeseeable risk of harm." Academy notes that no authority is provided for Plaintiff's theory that allowing customers access to merchandise creates an unreasonable risk of harm. It also notes there was no expert testimony or documentary evidence addressing the propriety or safety of self-service

7

display bins or open merchandise displays. Plaintiff relies solely on the argument of counsel on this issue. "Summary judgment cannot be defeated by mere argument. Argument of counsel and briefs, no matter how artful, are not sufficient to raise a genuine issue of material fact." *Mateu v. State Farm Mut. Auto. Ins. Co.*, 08-1208, pp. 5–6 (La.App. 5 Cir. 4/28/09), 13 So.3d 196, 199.

In addressing a situation where a sporting goods store had various merchandise in areas accessible to the shopping public, this court in *Orr v. Academy La. Co., L.L.C.,* 12-1411, p. 9 (La.App. 3 Cir. 5/1/13), 157 So.3d 44, 50, stated:

> All sporting goods stores are stocked with merchandise which, if used improperly, could cause damage to other customers. To conclude that a customer's access to an unlocked bicycle rack constitutes an unreasonable risk of harm would easily extrapolate to a requirement that the other basic sporting-goods merchandise such as bats, golf clubs, and balls would require similar treatment. We do not find that Academy's duty extends this far.

Thus, this court recognized the displaying of merchandise that is accessible to the shopping public is not unreasonably dangerous.

Plaintiff further argues that Academy has a duty to monitor and control the conduct of children, even when accompanied by their parents. The court in *Lowery v. Wal-Mart Stores, Inc.*, 42,465, pp. 5–6 (La.App. 2 Cir. 9/19/07), 965 So.2d 980, 983–84, addressed a situation where a store patron was injured due to the spontaneous actions of children:

> Louisiana law is clear that no duty to protect against or control the actions of a third party exists unless a special relationship exists to give rise to such a duty. *Mosley v. Temple Baptist Church of Ruston, Louisiana, Inc.*, 40,546 (La.App.2d Cir.01/25/06), 920 So.2d 355. In general, the owner or operator of a facility has the duty of exercising reasonable care for the safety of persons on his premises and the duty of not exposing them to unreasonable risks of harm or injury. *Mundy v. Department of Health and Human Resources*, 620 So.2d 811 (La.1993); *Mosley*, supra. However, while a business establishment is under a duty to take reasonable care for the safety of its patrons, it is not the insurer of their safety. *Id*.
>
> . . .

8

Finally, we note that in a store as large as a Wal-Mart store, which caters to a clientele that very often includes families with young children, it would be virtually impossible for Wal-Mart to police the actions of every child in the store. To impose a duty on Wal-Mart to protect patrons from rambunctious children, as in this case when there was no evidence that Wal-Mart had any notice that the children were creating havoc and were potentially dangerous, would be unduly burdensome. Generally under facts such as these, such a duty must lie with the parents or guardians of the unruly children.

The law and jurisprudence do not impose upon a store owner the requirement to prevent sudden conduct that causes injury before any reasonable response is possible. As Academy notes, none of its employees in the present case could have reasonably discovered the ball and removed it in the seconds after it escaped the young boy's possession. Plaintiff has failed to present any genuine issue of material fact that Academy did not exercise reasonable care under the circumstances of this case. Therefore, the trial court did not err in granting Academy's motion for summary judgment on the issue of premises liability.

## II. Spoliation Claim.

Plaintiff also filed a spoliation of evidence claim against Academy, claiming it intentionally destroyed evidence of the video of Plaintiff tripping over the ball, despite receiving a spoliation letter from Plaintiff's counsel days after the accident occurred. That letter requested that Academy "preserve all video angles of Ms. Geraci's fall, as well as all footage from those cameras from one hour prior to the fall up through the fall itself." Academy's Claims Examiner, Mr. Abney, attested that the specific incident where Plaintiff tripped and fell on the ball was not recorded on video as that area was not captured by cameras. Thus, Academy attested there were no video angles of that area available to produce to Plaintiff as requested in the letter. However, Academy maintained it produced all available and relevant videos to Plaintiff of the nearby areas during that time period.

The theory of "spoliation" of evidence refers to an intentional destruction of evidence for the purpose of depriving the opposing parties of its use in pending or anticipated litigation. *Clavier v. Our Lady of the Lake Hospital Inc.*, 12-560 (La.App. 1 Cir. 12/28/12), 112 So.3d 881, *writ denied*, 13-264 (La. 3/15/13), 109 So.3d 384. "[I]n order to state a cause of action in spoliation one must demonstrate two elements: (1) the intentional or negligent destruction of evidence and (2) that the first element was for the purpose of depriving the plaintiff of its use. *Arnold v. Brookshire Grocery Co.*, 09-44, p. 2 (La.App 3 Cir. 5/6/09), 10 So.3d 1279, 1280 (citing *Kammerer v. Sewerage and Water Bd. of New Orleans*, 93-1232 (La.App. 4 Cir. 3/15/94), 633 So.2d 1357, *writ denied*, 94–0948 (La.7/1/94)). "A plaintiff asserting a claim for spoliation of evidence must allege that the defendant intentionally destroyed evidence. Allegations of negligent conduct are insufficient." *Barthel v. State, Dep't of Transp. and Dev.*, 04-1619, p. 8 (La.App. 1 Cir.6/10/05), 917 So.2d 15, 20.

Historically, when a litigant fails to produce evidence within his reach, the courts have applied a presumption that the evidence would have been detrimental to his case. *Randolph v. General Motors Corp.*, 93-1983 (La.App. 1 Cir. 11/10/94), 646 So.2d 1019, *writ denied*, 95-194 (La. 3/17/95), 651 So.2d 276.

As to Plaintiff's complaint that her ability to pursue the claim was hampered by the failure to receive video of the actual incident with Plaintiff tripping over the ball, we find no merit to that argument. The parties are in full agreement with how the fall occurred. It is not disputed that the ball got away from the young child, rolled underneath a clothing rack and Plaintiff stepped on the ball causing her to fall. That entire sequence occurred in a matter of seconds. Thus, any video of the fall would not serve to prove anything that is disputed by the parties.

Moreover, in the present case, there is an absence of factual support that there was any intentional destruction of evidence on Academy's part to deprive plaintiff of its use. The burden then shifted to plaintiff to show there are genuine issues of fact precluding summary judgment. We find that under the particular facts of this case, Plaintiff has offered no evidence, other than mere allegation, to support the allegation that Academy intentionally destroyed video. Thus, the trial court did not err in granting summary judgment on the issue of intentional spoliation of evidence.

## DECREE

For the foregoing reasons, the judgment of the lower court is affirmed. All costs of this appeal are assessed to Plaintiff-Appellant, Deborah Geraci.

**AFFIRMED.**