STEWART, J.
 

 |! Plaintiff Sherry Teresa Adams, is appealing a motion for summary judgment granted in favor of Defendant Louisiana State University Health Sciences Center Shreveport. For the reasons set forth below, we reverse the trial court’s judgment and remand the matter for trial.
 

 FACTS
 

 At approximately 11:00 p.m. on August 9, 2005, Sherry Adams slipped and fell on a wet cigarette butt as she was walking up the handicap ramp that led to the front entrance of the Louisiana State University Health Sciences Center (“LSUHSC”). Adams, who is an employee of LSUHSC, was visiting her uncle who was a patient at the hospital at the time of the incident. She sustained serious injuries as a result of the fall, including injury to her right hand, fingers, and right ankle.
 

 On July 19, 2006, Adams filed suit against LSUHSC. In her petition, Adams alleged that the ramp, at the time of her fall, was unreasonably dangerous and defective, and that LSUHSC knew or should have known of the unreasonably dangerous condition or defect associated with the collection of cigarette butts on the ramp. Adams also contended that the condition of the ramp that led to her injuries and damages could have been prevented by the exercise of reasonable care and that LSUHSC failed to exercise such care. She also asserted that the cigarette butts on the ramp that caused her to fall were dropped by LSUHSC’s employees, patients, or visitors. Finally, Adams stated that LSUHSC was liable to her for all of the damages that she sustained because of LSUHSC’s negligence, which solely and proximately caused her injuries.
 

 lain response, LSUHSC filed a motion for summary judgment. Since there was no dispute between the parties that LSUHSC had custody of the accident site and that Adams fell and injured herself at the site, the trial court found that the decision whether to grant or deny summary judgment would be based upon a finding as to whether the cigarette butt on the ramp created an unreasonable risk of harm.
 

 The trial court granted LSUHSC’s motion for summary judgment, after finding that La. R.S. 9:2800 was applicable. The trial judge noted that there was no evidence in the record of a defective condition or an unreasonably dangerous condition as contemplated by law. He also stated that he didn’t “believe the plaintiff could carry her burden of proof at trial to prove the
 
 *514
 
 elements in 9:2800.” The instant appeal ensued.
 

 LAW AND DISCUSSION
 

 Applicable Law
 

 Sherry Adams asserts three assignment of error in her appeal. We will address Adams’s third assignment of error first in this opinion. In the third assignment, Adams asserts the trial court erred in granting the motion for summary judgment by applying La. R.S. 9:2800 when this court, in
 
 Holden v. Louisiana State University Medical Center,
 
 29,268 (La.App. 2 Cir. 2/28/97), 690 So.2d 958, specifically held that La. R.S. 9:2800 was not applicable in this type of case against LSUHSC.
 

 Appellate courts review summary judgments
 
 de novo
 
 using the same criteria that govern a district court’s consideration of whether summary judgment is appropriate.
 
 Schroeder v. Board of Supervisors of Louisiana State University,
 
 591 So.2d 342 (La.1991);
 
 Costello v. Hardy,
 
 2003-1146 (La.1/21/04), 864 So.2d 129. Appellate review of the grant or denial of summary judgment is
 
 de novo.
 
 Therefore, in order to reverse the trial court’s decision, this court would have to find on
 
 de novo
 
 review that the record reveals no genuine issue of fact which precludes summary judgment as a matter of law.
 
 Wells v. Red River Parish Police Jury,
 
 39,445 (La.App. 2 Cir. 3/2/05), 895 So.2d 676.
 

 A court must grant a motion for summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). The court should not seek to determine whether it is likely that the mover will prevail on the merits, but rather whether there is an issue of material fact.
 
 Insley v. Titan Insurance Company,
 
 589 So.2d 10 (La.App. 1 Cir.1991). Summary judgment procedure is favored and is designed to secure the just, speedy and inexpensive determination of actions. La. C.C.P. art. 966(A)(2);
 
 Mosley v. Temple Baptist Church of Ruston, Louisiana, Inc.,
 
 40,546 (La.App.2d Cir.1/25/06), 920 So.2d 355.
 

 In its reasons for judgment, the trial court determined that La. R.S 9:2800 was applicable to the instant case. The trial court further noted that there was “an absence of evidence in the record for this court to be able to infer that the plaintiff can meet her burden of proof under Revised Statute 9:2800” and did not find the circumstances constituted “a defective condition or an unreasonably dangerous condition as contemplated by law.” |4La. R.S. 9:2800 provides, in pertinent part:
 

 A. A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of the buildings within its care and custody.
 

 ⅜ ⅝ ⅜ ⅝ ⅜ ⅜
 

 C. Except as provided for in Subsections A and B of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.
 

 D. Constructive notice shall mean the existence of facts which infer actual knowledge
 
 .... Id.
 

 Additionally, La. C.C. art 2317 states:
 

 We are responsible, not only for the damage occasioned by our own act, but
 
 *515
 
 for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.
 

 Adams’ claims against LSUHSC are correctly asserted pursuant to La. C.C. art. 2315, which provides in pertinent part:
 

 A. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
 

 This case is similar to
 
 Holden v. Louisiana State University Medical Center-Shreveport, supra.
 
 In
 
 Holden,
 
 an individual slipped and fell on some juice at LSUHSC. The juice was labeled a foreign substance. In that case, this court held that in a slip and fall case where a person slips and falls on a foreign substance that is located on the premises, neither La. R.S. 9:2800 nor La. C.C. art. 2317 applies:
 

 |5In this slip and fall case, the trial court incorrectly concluded that La. R.S. 9:2800 and La. C.C. art. 2317 were applicable. This case does not involve a defect in the premises, but a defect on the premises. It is well settled that the temporary presence of a foreign substance is not, in and of itself, a defect for purposes of strict liability under La. C.C. 2317.
 

 Therefore, the trial court incorrectly concluded that La. R.S. 9:2800 was applicable. The reasoning behind this rule is that the presence of the foreign substance, such as the cigarette butts in the present case, does not create a vice or a defect inherent in the thing itself. As such, neither La. R.S. 9:2800 or La. C.C. art. 2317 is applicable in this case.
 

 This instant slip and fall case involving a cigarette butt is one of negligence pursuant to La. C.C. art 2315. Under the negligence standard, a hospital owes a duty to its visitors to exercise reasonable care to keep the premises in a safe condition commensurate with the particular substances involved; but the duty owed is less than that owed by a merchant.
 
 Reynolds v. St. Francis Medical Center,
 
 597 So.2d 1121 (La.App. 2d Cir.1992). The trial court must consider the relationship between the risk of a fall and the reasonableness of the measures taken by the defendant to eliminate the risk.
 
 Holden, supra; DeGruy v. Orleans Parish School Board,
 
 573 So.2d 1188 (La.App. 4 Cir. 1991).
 

 Since the trial court incorrectly applied La. R.S. 9:2800 to the present case, it failed to determine whether LSUHSC failed to exercise its duty toward Adams to exercise reasonable care to keep its facility in a safe condition. The trial court also failed consider the relationship between the risk of someone slipping and falling on the cigarette butts located on the | ^handicap ramp and the reasonableness of the measures taken by LSUHSC to eliminate such a risk.
 

 Burden of Proof
 

 In the first assignment of error, Adams argues that the trial court erred in granting the motion for summary judgment by improperly shifting the burden of proof to her, the nonmoving party. More specifically, Adams argues that the trial court erred in granting LSUHSC’s motion for summary judgment because LSUHSC, as owner and custodian of the property, failed to address the issue of the “unreasonably dangerous condition” in its motion for summary judgment. Therefore, the burden of proof never shifted to her to prove.
 

 In her second assignment, Adams asserts that the trial court erred in granting the motion for summary judgment after finding that she did not provide sufficient proof to show that LSUHSC had construe-
 
 *516
 
 tive knowledge of the dangerous condition, where there was evidence of inadequate clean-up and maintenance procedures. Due to the fact that assignments of error one and two both relate to the burden of proof in a motion for summary judgment, we will discuss these interrelated errors together.
 

 On the motion for summary judgment, the burden of proof is on the mover. La. C.C.P. art. 966(C)(2). The burden is on the mover to show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, then the mover may merely point out to the court the [7absence of factual support for one or more elements essential to the plaintiffs claim. La. C.C.P. art. 966(C)(2);
 
 Rowell v. Hollywood Casino Shreveport,
 
 43,306 (La.App. 2 Cir. 9/24/08), 966 So.2d 476.
 

 Once a party seeking summary judgment properly supports the motion and carries his burden of proof, the nonmoving party who opposes the motion for summary judgment is required to submit evidence showing the existence of specific facts establishing a genuine issue of material fact, effectively shifting the burden of proof to the non-moving party.
 
 McKey v. General Motors Corp.,
 
 96-0755 (La.App. 1 Cir. 2/14/97), 691 So.2d 164. The party opposing summary judgment cannot rest on the mere allegations or denials in his pleadings, but must show that he has evidence which, if believed, could satisfy his evidentiary burden of proof at trial. If he has no such evidence, then there is no genuine issue of material fact, and the movant is entitled to summary judgment. La. C.C.P. art 966(C)(2);
 
 Eason v. Finch,
 
 32,157 (La.App. 2 Cir. 8/18/99), 738 So.2d 1205, writ denied, 1999-2767 (La.12/10/99), 751 So.2d 861.
 

 In the memorandum in support of the motion for summary judgment, LSUHSC asserted that there was an “absence of factual support for a finding that defendant had actual or constructive notice of the condition that caused plaintiffs fall, an element that is essential to plaintiffs claim.”
 

 Adams submitted the depositions of two maintenance employees, Price and Bradford, as proof that LSUHSC did have constructive knowledge of the dangerous condition and as evidence of inadequate cleanup and maintenance procedures.
 

 | sAdams mentioned several key points mentioned in the deposition of George Price, who is the director of Environmental Services. Environmental Services is the department that is responsible for all the housekeeping duties, both indoors and outdoors at LSUHSC. Price discussed many aspects of the cleaning including the portion that stated “entranceways must be cleaned at least (3) times a day or as needed depending on weather conditions and other factors.” Price testified that John Bradford cleaned the outside of LSUHSC and worked between the hours of 5:00 a.m. and 1:30 p.m.
 

 Bradford, who was also deposed, testified that he was the only person who maintained the front entrance. Bradford stated that he cleaned the front entrance only one time a day. He did clean it twice per day at one time, but was later instructed to clean it only one time a day. Mr. Bradford stated that he saw cigarette butts on the ground at the front entrance daily. He further testified that he informed his supervisor that the front entrance was messy in the morning and suggested someone clean it at night. His supervisor informed him that “they ain’t [sic] got enough workers to do that.”
 

 
 *517
 
 Bradford also noted that someone else was supposed to clean the front entrance area a second time each day, but “he forgot who it was.” Assuming that this unnamed individual exists, Adams showed that nine hours elapsed between the last cleaning and when she was injured. These depositions provide the factual support necessary to prove 'that LSUHSC had actual or constructive notice.
 

 | ¡^Additionally, Adams’s affidavit stated that she slipped on some wet cigarette butts that were on the ramp. After she fell, she noticed cigarette butts all around her. There were even ashes on her clothes and in her wounds. Finally, she stated that “there was nothing else in that immediate area that could have contributed to the fall.”
 

 In its motion for summary judgment, LSUHSC failed to show that there was no genuine issue as to material fact and that it was entitled to judgment as a matter of law. Therefore, the trial court erred in granting the motion.
 

 After reviewing the above mentioned evidence, we can also determine that LSUHSC had some knowledge of the condition of the entryway in which Adams slipped and fell. The depositions presented, namely Price’s and Bradford’s, along with Adams’s affidavit, present a genuine issue of material fact. However, we cannot determine that LSUHSC’s policy for cleaning the entryway at the time of the incident was reasonable enough to provide a defense. That is an issue that the trier of fact must decide.
 

 CONCLUSION
 

 For the reasons stated above, we reverse the trial court’s decision to grant the motion for summary judgment in favor of LSUHSC and remand the matter for trial. Cost to be assessed against the appellee, LSUHSC.
 

 REVERSED AND REMANDED.