# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 10-1026

ROSA CALVERT

VERSUS

TRAVELERS PROPERTY CASUALTY INSURANCE CO., ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 80362
HONORABLE ERIC ROGER HARRINGTON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Phyllis M. Keaty, Judges.

AFFIRMED.

Robert Lyle Salim
Patty Ann Trantham
1901 Texas Street
Natchitoches, LA 71457
Telephone: (318) 352-5999
COUNSEL FOR:
    Plaintiff/Appellant - Rosa Calvert

Richard Russell Ray
Jeff Thompson, APLC
1527 Doctors Drive
Bossier City, LA 71111
Telephone: (318) 747-7466
COUNSEL FOR:
    Defendants/Appellees - City of Natchitoches and Travelers Property
    Casualty Insurance Company

**THIBODEAUX, Chief Judge.**

While attending an event at the Natchitoches Events Center ("Events Center" or "Center"), Rosa Calvert tripped as she exited the building. Ms. Calvert alleges that the mat located outside of the exit door caused her to trip and injure herself, and she filed suit against Travelers Property Casualty Insurance Company ("Travelers") and its insured, the City of Natchitoches ("the City"). Travelers moved for summary judgment, and the trial court granted Travelers' motion, finding that Ms. Calvert could not meet the requirement of notice under La.R.S. 9:2800. Ms. Calvert appeals and argues that La.R.S. 9:2800 is inapplicable. For the foregoing reasons, we affirm the judgment of the trial court.

## I.

## ISSUES

We must decide whether:

(1)     Louisiana Revised Statutes 9:2800 applies to the facts of this case; and

(2)     if La.R.S. 9:2800 applies, whether the City had actual or constructive notice of the purported defect and failed to remedy the problem.

## II.

## FACTS AND PROCEDURAL HISTORY

Ms. Calvert and her friend, Iva Custis, attended a political campaign event at the Events Center.[1] While leaving the facility, Ms. Calvert tripped and fell. Ms. Calvert testified that she does not know why she fell, and she did not see anything that could have caused her fall. Ms. Custis witnessed the fall and testified that she believes that the floor mat located outside the door may have rolled up under

---

[1]It is undisputed that the Natchitoches Events Center is owned and operated by the City of Natchitoches and is a "public facility" pursuant to La.R.S. 9:2800.

the door, causing Ms. Calvert to fall. Despite her speculation about the floor mat, Ms. Custis admitted that she did not notify anyone at the facility about the condition of the mat.

The staff at the Events Center testified that they did not notice problems with any of the floor mats either before or after Ms. Calvert fell. Moreover, the Events Curator at the Center, Mary Morrow, testified that no one, including employees or staff of the Center, notified her of any problems with the floor mats. Another attendee at the event, Rose Long, never observed any problems with the mats either before or after Ms. Calvert fell, nor did she notice any substance on the floor of the Center that could have caused Ms. Calvert's fall.

Following the accident, Ms. Calvert filed suit. Ms. Calvert alleged that the mat that caused her fall created an "unreasonable risk of harm" to her and other invitees to the Events Center, and her injury was caused by the "negligence of the City of Natchitoches."

III.

## LAW AND DISCUSSION

### Standard of Review

"When an appellate court reviews a district court judgment on a motion for summary judgment, it applies the *de novo* standard of review, 'using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law.'" *Gray v. Am. Nat'l Prop. & Cas. Co.*, 07-1670, p. 6 (La. 2/26/08), 977 So.2d 839, 844 (*quoting Supreme Serv. & Specialty Co., Inc. v. Sonny Greer*, 06-1827, p. 4 (La. 5/22/07), 958 So.2d 634, 638). "The judgment sought shall be rendered forthwith if the pleadings, depositions,

2

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

## Applicability of La.R.S. 9:2800

Ms. Calvert argues that La.R.S. 9:2800 does not apply and that this case is a negligence action governed by La.Civ.Code art. 2315. We disagree. It is clear that La.Civ.Code art. 2317 and La.R.S. 9:2800 control. Louisiana Revised Statutes 9:2800 is a legislative enactment that controls the liability of state and political subdivisions such as the City for liability "caused by the condition of things within its care and custody. . . ." Here, the "thing" at issue is the rubber floor mat located at the Events Center. Because it is undisputed that the Events Center is owned by a public entity, the City, Ms. Calvert's action must be evaluated under La.R.S. 9:2800, and the trial court did not err in doing so.

## Notice

To prevail on her claim, Ms. Calvert must not only meet her burden of proof under La.Civ.Code art. 2317,[2] but she must also prove that the City had actual or constructive notice of the alleged vice or defect with the mat. La.R.S. 9:2800(C). Here, Ms. Calvert alleges neither. Instead, she argues that La.R.S. 9:2800 is inapplicable to her claim. As we previously stated, La.R.S. 9:2800 applies, and we find that Ms. Calvert failed to come forward with facts that could show the City had notice of the alleged defective floor mat.

---

[2]"A plaintiff seeking to recover under La.Civ.Code art. 2317 must prove that (1) the thing which caused his damage was in the custody of the defendant; (2) the thing had a condition that created an unreasonable risk of harm; and (3) the defective thing caused plaintiff's injuries." *Morrell v. City of Breaux Bridge*, 94-1378, p. 3 (La.App. 3 Cir. 5/31/95), 660 So.2d 882, 883.

Under La.R.S. 9:2800(D), "[c]onstructive notice shall mean the existence of facts which infer actual knowledge." "A municipal authority is deemed to have constructive notice if the defect existed for such a period of time that by exercise of ordinary care . . . the municipal authority must have known of its existence, and . . . had reasonable opportunity to guard the public from injury by remedy of the defect." *Ambrose v. City of New Iberia*, 08-1197, p. 2 (La.App. 3 Cir. 4/1/09), 11 So.3d 34, 37.

Here, nothing indicates that the City had any actual or constructive notice of a potential problem with the floor mat. According to the staff at the Events Center, none of the mats was in need of repair on the day of Ms. Calvert's fall. Moreover, Ms. Morrow, the Events Curator at the Center, testified that she never observed any problems with the floor mats either before or after Ms. Calvert fell. No one notified Ms. Morrow, or any other Events Center staff member, of a problem with the floor mats. Indeed, even Ms. Custis, a witness for Ms. Calvert, testified that though she *thinks* Ms. Calvert tripped on the floor mat, she did not notify the Events Center about the condition of the rug.

Because Ms. Calvert did not meet her burden of production that the City had notice of the defective floor mat, we find that the trial court did not err in dismissing her claim.

**The Floor Mat as "Debris"**

Ms. Calvert argues that a floor mat is not the type of vice or defect contemplated by La.R.S. 9:2800 and is, instead, "debris" similar to other items that create actions for negligence. Ms. Calvert relies on two cases from the second circuit in support of her argument, *Adams v. Louisiana State Univ. Health Sciences Ctr. Shreveport*, 44,627 (La. App. 2 Cir. 8/19/09), 19 So.3d 512, *writ denied*, 09-2056 (La.

4

11/20/09), 25 So.3d 798 and *Holden v. Louisiana State University Med. Ctr.*, 29,268 (La. App. 2 Cir. 2/28/97), 690 So.2d 958. We fail to see the similarities between these cases and Ms. Calvert's case.

In *Adams*, the plaintiff tripped on cigarette butts discarded outside of a hospital. Similarly, in *Holden*, the plaintiff slipped on spilled fruit juice. Both of these items are clearly "debris," and the second circuit declined to extend La.R.S. 9:2800 to those claims. In both cases, however, the public entities had actual or constructive knowledge of the defect. Here, not only was the floor mat at issue installed by the Events Center, the City had no knowledge of any potential defect with the mat. Thus, we refuse to extend the reasoning of *Adams* and *Holden* to this case.

IV.

**CONCLUSION**

For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are assessed against the plaintiff, Rosa Calvert.

**AFFIRMED**.

5