Judgment rendered August 9, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,157-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

LIONEL WAYNE MAGEE and                          Plaintiffs
MIYOKO MAGEE


versus


IASIS GLENWOOD REGIONAL                          Defendant-
MEDICAL CENTER, LP                               Appellee

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2015-3359


Honorable Alvin R. Sharp, Judge

* * * * *

THE LAW OFFICE OF JAMES M. WILKERSON        Counsel for
By:  James M. Wilkerson                     Plaintiff-Appellant,
     Sarah E. Wilkerson                     Lionel Magee


LAW OFFICE OF RONALD K. COOK
By:  Ronald K. Cook


HESSER & FLYNN, LLP                         Counsel for
By:  David Cleveland Hesser                 Plaintiff-Appellee,
                                            Miyoko Magee


BRAZEALE, SACHSE & WILSON, LLP              Counsel for
By:  Harry M. Moffett, IV                   Defendant-
     Laura S. Achord                        Appellee, Iasis
                                            Glenwood
                                            Regional Medical
                                            Center, LP


REICH, ALBUM & PLUNKETT, LLC                Counsel for
By:  Lawrence R. Plunkett, Jr.              Defendant-
     R. Andrew Davis                        Appellee, Hospital
     Jerald L. Album                        Housekeeping
                                            Systems, LLC

* * * * *

Before STONE, COX, and HUNTER, JJ.

**HUNTER, J.**

Plaintiffs, Lionel Wayne Magee and Miyoko Magee, have appealed two judgments granting separately-filed motions for summary judgment by defendants, IASIS Glenwood Regional Medical Center and Hospital Housekeeping System, LLC. For the following reasons, we reverse and remand for further proceedings.

**FACTS**

Plaintiff, Lionel Wayne Magee ("Magee"), filed a lawsuit after he fell in the hallway of IASIS Glenwood Medical Center, LP ("Glenwood"); his wife, Miyoko Magee, filed a claim for damages for loss of consortium. In his petition, Magee alleged on April 21, 2015, he had completed his appointment in the cardiology department and was walking down a hallway when he slipped and fell due to water and/or liquid on the floor surface. He initially named Glenwood as the sole defendant, contending the hospital was negligent for, *inter alia*, allowing a liquid substance to remain on the floor and failing to warn others of the existence of the substance. He sought both general and special damages related to the alleged injury.

On November 28, 2016, plaintiffs filed a supplemental and amending petition for damages, adding Hospital Housekeeping Systems, L.L.C. ("HHS") as a defendant. Plaintiffs alleged HHS was liable for allowing a dangerous condition to exist on the property it was responsible for maintaining; failure to warn visitors of a known dangerous condition; failure to inspect and maintain the premises; failure to take preventative measures in preventing injury; and failure to exercise reasonable care.

Subsequently, Glenwood and HHS filed separate motions for summary judgment. Defendants argued Magee was unable to meet his burden of proving the elements of his claims, and they were entitled to summary judgment as a matter of law. The district court granted both motions finding "the absence of any genuine issue as to any material fact, and the moving parties are entitled to judgment as a matter of law under [La. C.C.P. art.] 966." The court further found "Glenwood [and HHS] acted reasonably under the circumstances thereby substantiating the granting of the Motion for Summary Judgment."

Plaintiffs appeal.

## DISCUSSION

Plaintiffs contend the district court erred in granting summary judgment in favor of Glenwood. They argue issues of material fact remain in dispute, and summary judgment is precluded in this case.

When considering rulings on summary judgment, courts apply a *de novo* standard of review. *Farrell v. Circle K Stores, Inc.*, 22-00849 (La. 3/17/23), 359 So. 3d 467; *Bolden v. Tisdale*, 21-00224 (La. 1/28/22), 347 So. 3d 697. Thus, we use the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Id.* A trial court must grant a motion for summary judgment if the pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3)(4).

3

The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by La. CC.P. art. 969. La. C.C.P. art. 966(A)(2). The procedure is favored and shall be construed to accomplish these ends. *Id.*

A genuine issue is one about which reasonable persons could disagree. *Hines v. Garrett*, 2004-0806 (La. 6/25/04), 876 So. 2d 764; *Grisby v. Jaasim II, LLC*, 54,646 (La. App. 2 Cir. 9/21/22), 349 So. 3d 103, *writ denied*, 22-01573 (La. 12/20/22), 352 So. 3d 87; *Franklin v. Dick*, 51,479 (La. App. 2 Cir. 6/21/17), 224 So. 3d 1130. In determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. *Grisby*, *supra*; *Harris v. City of Shreveport*, 53,101 (La. App. 2 Cir. 4/22/20), 295 So. 3d 978. A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Facts are material if they potentially ensure or preclude recovery, affect a litigant's ultimate success or determine the outcome of the legal dispute. *Grisby*, *supra*; *Weaver v. City of Shreveport*, 52,407 (La. App. 2 Cir. 12/19/18), 261 So. 3d 1079.

The burden of proof rests with the mover; nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1). The burden is on the

adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.* When a motion for summary judgment is made and supported as provided in La. C.C.P. art. 967(A), an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in La. C.C.P. art. 967(A), must set forth specific facts showing that there is a genuine issue for trial. La. C.C.P. art. 967(B). If he does not so respond, summary judgment, if appropriate, shall be rendered against him. *Id.*

This court has previously held that a hospital is not a "merchant" under La. R.S. 9:2800.6. As a result, hospital liability in a slip and fall case has been held to fall under the general negligence standards. *Grinnell v. St. Francis Med. Ctr., Inc.*, 48,249 (La. App. 2 Cir. 8/21/13), 156 So. 3d 117; *Holden v. La. State Univ. Med. Ctr.-Shreveport*, 29,268 (La. App. 2 Cir. 2/28/97),690 So. 2d 985, *writ denied*, 97-0797 (La. 5/1/97), 693 So. 2d 730; *Reynolds v. St. Francis Med. Ctr.*, 597 So. 2d 1121 (La. App. 2 Cir. 1992).

Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it. La. C.C. art. 2315. Under the negligence standard, a hospital owes a duty to its visitors to exercise reasonable care to keep the premises in a safe condition commensurate with the particular circumstances involved; but the duty owed is less than that owed by a merchant. *Grinnell*, *supra*; *Holden*, *supra*; *Reynolds*, *supra*. The trial court must consider the relationship between the risk of a fall and the reasonableness of the measures taken by the defendant to eliminate the risk. *Grinnell*, *supra*; *Adams v. La. State Univ. Health Sciences Ctr. Shreveport*,

44,627 (La. App. 2 Cir. 8/19/09), 19 So. 3d 512, *writ denied*, 09-2056 (La. 11/20/09), 25 So. 3d 798; *Holden*, *supra*.

In negligence cases, Louisiana courts utilize a duty/risk analysis to determine whether liability exists. Under this analysis, the plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of duty element); and, (5) proof of actual damages (the damages element). *Farrell v. Circle K Stores, Inc.*, 22-00849 (La. 3/17/23), 359 So. 3d 467; *Malta v. Herbert S. Hiller Corp.*, 21-00209 (La. 10/10/21), 333 So. 3d 384; *Posecai v. Wal-Mart Stores, Inc.*, 99-1222 (La. 11/30/99), 752 So. 2d 762. If the plaintiff fails to prove any one element by a preponderance of the evidence, the defendant is not liable. *Id.*

Herein, at trial, plaintiffs would bear the burden of proving the elements of their claims against defendants. Thus, for Glenwood to prevail on summary judgment, it was required to show an absence of factual support for any of the elements of plaintiffs' cause of action.

Generally, the owner or custodian of property has a duty to keep the premises in a reasonably safe condition. The owner or custodian must discover any unreasonably dangerous condition on the premises, and either correct the condition or warn potential victims of its existence. *Farrell v. Circle K Stores, Inc.*, 22-00849 (La. 3/17/23), 359 So. 3d 467.

In the instant case, it is undisputed Magee slipped, fell, and was injured in a foreign substance on the floor of the hospital. However, Glenwood contends Magee failed to present evidence the hospital failed to act reasonably to eliminate the hazard prior to his fall. In support of its motion for summary judgment Glenwood introduced into evidence its contract with HHS, which showed HHS was responsible for providing floor care in the hospital and for supervising its employees. Glenwood asserted as follows:

> This evidence substantiates the fact that IASIS Glenwood retained the services of HHS as an independent contractor and not as an employee. As such, IASIS Glenwood is not vicariously liable for the alleged actions of HHS. Plaintiffs have not put forth any evidence to dispute this. Further, plaintiffs have no competent evidence to support their claim that the accident was a direct result of any actions by the hospital. IASIS Glenwood cannot be held responsible for conditions on its premises created by an independently contracted maintenance company. Accordingly, there is no genuine issue of material fact, and IASIS Glenwood is entitled to summary judgment as a matter of law.

In response to Glenwood's motion for summary judgment, plaintiffs asserted Glenwood breached its duty to take reasonable measures to monitor its premises for spills/leaks and to eliminate a known risk. According to plaintiffs, the record is devoid of any inspection procedures undertaken by Glenwood or any enforcement thereof.

After reviewing this record, we find the existence of genuine issues of material fact concerning whether Glenwood exercised reasonable care to keep its premises in a safe condition. The evidence of record shows Magee slipped, fell, and injured himself while walking down the hallway of the hospital. Glenwood admittedly knew of the presence of water on the floor, yet the only action it undertook was placing a call to HHS to notify it of the

7

leak. The record is devoid of any evidence Glenwood made any effort to monitor its premises until HHS completed the clean up process.

Further, the testimony of Magee, Tammy Banzo, and Luther Powell established there were no hospital employees near the water to inspect the area to ascertain the extent of the leakage or to warn patients, visitors, or personnel of the presence of the water. Further, Magee, Banzo, and Powell testified they did not see a wet floor sign nearby. Magee stated he did not see the sign until a nurse brought the sign to his attention after he fell. Based on Glenwood's admissions and the summary judgment evidence, we find reasonable persons could disagree on whether Glenwood's actions were reasonable. Consequently, we conclude a genuine issue of material fact exists as to whether Glenwood acted reasonably in merely notifying HHS of the existence of the leak, without taking further action. The existence of such issues of material fact makes summary judgment inappropriate in this case. Accordingly, we reverse the judgment and remand this matter for further proceedings.

Plaintiffs also contend the district court erred in granting summary judgment in favor of HHS. Plaintiffs argue whether HHS used reasonable measures to eliminate the hazard is a genuine issue of material fact. In response, HHS argues plaintiffs are unable to meet their burden of proof at trial because the condition of the floor did not create an unreasonable risk of harm as it was open and obvious.

The testimony of HHS employees, Gary Baltimore and Tavarrius Small, established once HHS learned of the water leak, employees were dispatched to tend the floors. The HHS employees testified they used a

8

device to extract the water, and one of the employees left to retrieve another device. The employees also testified they constructed a "dam," using towels, to attempt to stop the flow of water. The employees also testified a "wet floor" sign was placed in the area, and, according to HHS, the sign was visible and within Magee's line of sight. Small testified he extracted the water from the area in front of Room 230; he then left the hospital after he "dumped" the water from the device (he explained his shift had ended and he had already "clocked out"). Baltimore left the area of the spill to retrieve another device to clean up the water and did not return until after Magee had fallen.

Based on the record before us, a trier of fact could determine the presence of water on the floor created an unreasonable risk of harm, and the actions of HHS were unreasonable. It is undisputed HHS employees went to the scene of the spill and initiated, but did not fully complete, the process of eliminating the water. The evidence also established the employees placed one "wet floor" sign in front of the door to Room 230, the room from where the water was flowing. There is no evidence of record to show other signs were placed in the direction from which Magee was walking. In fact, Magee, Banzo, and Powell testified they did not see a wet floor sign nearby, and they did not see any HHS employees in the area when Magee fell.

Magee also testified he did not see the sign until after he fell when a nurse pointed it out to him. Additionally, the HHS employees described the water as "sewer water" with a distinct odor and appearance and could be seen from several feet away from the location of Magee's fall. However, Magee and Banzo described the water as clear and "shiny." Credibility

9

determinations by the trier of fact are necessary to resolve the conflict between the observations of the witnesses, and there are genuine issues of material fact concerning whether HHS exercised reasonable diligence in its efforts to eliminate the water from the floor and to warn others of its presence. Consequently, the district court erred in granting HHS's motion for summary judgment. Therefore, we reverse this ruling and remand this matter for further proceedings.

## CONCLUSION

For the reasons set forth herein, the summary judgments granted in favor of defendants, IASIS Glenwood Regional Medical Center, LP and Hospital Housekeeping System, LLC, are reversed, and this matter is remanded for further proceedings. Costs of this appeal are assessed against defendants, IASIS Glenwood Regional Medical Center, LP and Hospital Housekeeping System, LLC.

**REVERSED AND REMANDED.**